IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>        Plaintiff,<br>v.<br><br>MARQUIS PROPERTIES, LLC, a Utah Limited Liability Company; CHAD DEUCHER, an individual; and RICHARD CLATFELTER, and individual;<br><br>        Defendants. | **ORDER DENYING WITHOUT PREJUDICE PROPOSED CONSENT JUDGMENT**<br><br>Case No. 2:16-cv-00040<br><br>District Judge Jill N. Parrish |

Before the court is the proposed "Consent [Judgment] of Defendant Richard Clatfelter" filed by the Securities and Exchange Commission ("SEC"). (Docket 74). Mr. Clatfelter, a pro se defendant, and the SEC request that the court enter final judgment against Mr. Clatfelter based on his consent. The court declines to enter the proposed judgment for two reasons. First, the judgment includes a prohibited "obey-the-law" injunction. Second, the injunction purports to bind people other than Mr. Clatfelter based on only Mr. Clatfelter's consent.

The "Consent of Defendant Richard Clatfelter" filed with the court states that:

> Defendant hereby consents to the entry of the Judgment . . . which, among other things: (a) permanently restrains and enjoins Defendant from violation of Section 5 and 17(a) of the Securities Act of 1933 ("Securities Act") and Sections 10(b) and 15(a) of the Securities Exchange Act of 1934 ("Exchange Act") and Rule 10b-5 thereunder.

It also states that "Defendant will not oppose the enforcement of the Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon."

In multiple sections, the requested consent judgment also prohibits "Defendant and Defendant's agents, servants, employees, attorneys and all person in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise" from violating securities laws.

The Tenth Circuit has made clear that injunctions doing nothing more than requiring an individual to "obey the law" do not comply with rule 65(d). *See, e.g.*, *Vallario v. Vandehey*, 554 F.3d 1259, 1268 (10th Cir. 2009) ("Injunctions simply requiring a defendant to 'obey the law' are generally 'too vague' to satisfy Rule 65(d)."). It appears that much of the requested final injunction does nothing more than require Mr. Clatfelter (and others) to obey securities laws. And while Mr. Clatfelter purports to waive Rule 65, the SEC has provided the court with no authority indicating that the court may issue an injunction that otherwise violates Tenth Circuit law because a pro se defendant does not object.

Accordingly, the court will not enter a consent judgment against Mr. Clatfelter until the SEC: 1) provides the court with authority indicating that Mr. Clatfelter's purported waiver of Rule 65 is permissible; 2) details how the language of the proposed judgment comports with Rule 65; or 3) proposes alternative language that does comport with Rule 65.

In addition to failing to comply with Rule 65, the permanent injunction is invalid insofar as it purports to bind individuals other than Mr. Clatfelter. Mr. Clatfelter cannot "consent" to an injunction that binds anyone other than himself. Thus, the court will not enter any injunction that binds "Defendant and Defendant's agents, servants, employees, attorneys, and all person in active concert or participation with them." This language would potentially subject individuals other than Mr. Clatfelter to contempt charges. However, an injunction that, for example, enjoins Mr. Clatfelter from doing something himself or from using others to accomplish the same ends, would be

permissible. Such an order would purport to bind only Mr. Clatfelter and thus only Mr. Clatfelter would face contempt penalties for violating the injunction.

For the reasons stated above, the request to enter the proposed consent judgment is DENIED WITHOUT PREJUDICE.

Signed June 23, 2016.

                                        BY THE COURT

                                        _____
                                        Jill N. Parrish
                                        United States District Court Judge