Matthew R. Lewis (7919)
Jascha K. Clark (16019)
**RAY QUINNEY & NEBEKER P.C.**
36 South State Street, 14th Floor
P.O. Box 45385
Salt Lake City, Utah  84145-0385
Telephone:  (801) 532-1500
Facsimile: (801) 532-7543
E-mail:  mlewis@rqn.com
E-mail: jclark@rqn.com

*Attorneys for Receiver, Maria E. Windham*

---

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | **RECEIVER'S FIRST INTERIM FEE APPLICATION FOR SERVICES RENDERED FROM JANUARY 18, 2017 THROUGH JUNE 30, 2017** |
| Plaintiff, | |
| vs. | |
| MARQUIS PROPERTIES, LLC, a Utah Limited Liability Company, CHARD DEUCHER, an individual, and RICHARD CLATFELTER, an individual, | Case No. 2:16-cv-00040-JNP |
| Defendants, | Judge: Hon. Jill N. Parrish |
| JESSICA DEUCHER, an individual, | |
| Relief Defendant | |
| And | |
| HODGES HOLDING, LLC, and U.S. BANK NATIONAL ASSOCIATION, | |
| Intervenors. | |

Maria E. Windham, the Court-appointed receiver (the "Receiver"), acting through counsel Ray Quinney & Nebeker, P.C., respectfully submits this Receiver's First Interim Fee Application for Services Rendered from January 18, 2017 through June 30, 2017.

## I.      BACKGROUND REGARDING APPLICATION

On January 19, 2016, the Securities and Exchange Commission ("SEC") filed suit against Chad Deucher ("Deucher") and Marquis Properties, LLC ("Marquis") (the "Defendants") and others, alleging Defendants were involved in an "ongoing offering fraud and Ponzi scheme."  On the motion of the SEC, the Court entered an asset freeze on January 20, 2016 (the "Asset Freeze Order") that required that all assets and books and records of the Defendants be preserved and frozen from further disposition.

During the proceedings in this case, it became evident that appointment of a receiver was necessary; although the Defendants' Accounting and preliminary investigation by the SEC suggested there were few assets remaining in Defendants' possession.  (*See, e.g.*, Docket No 34.) On January 18, 2017, almost a year after the Court's entry of the Asset Freeze Order, the Court entered the Order appointing Maria E. Windham, a lawyer and partner at the law firm Ray Quinney & Nebeker P.C., as Receiver (the "Receivership Order").  As the Receiver, Ms. Windham is ordered to marshal and preserve certain assets of the Defendants that were frozen by the January 20, 2016 Asset Freeze Order, plus all additional recoverable assets, which are defined as "assets of any other entities or individuals that: (a) are attributable to funds derived from investors or clients of the Defendants; (b) are held in constructive trust for the Defendants; and/or (c) were fraudulently transferred by the Defendants" (the "Receivership Estate").  (*See* Receivership Order, Docket No. 110, at 1-2.)

The Court also approved lawyers at the law firm of Ray Quinney & Nebeker, including, but not limited to, partner Matthew R. Lewis, to act as Counsel to the Receiver. (*See* Docket No. 117.) The law firm of Ray Quinney & Nebeker has reduced the rate ordinarily charged by Ms. Windham to $250/hr., and has charged the services of Mr. Lewis and all other counsel at a unified rate of $285/hr. These rates reflect significant discounts from the rates regularly charged by the partners who have performed services as Receiver and counsel to the Receiver. Ray Quinney and Nebeker also reduced the rate charged for paralegal services to $135/hr. and provided other discounts and complied with limitations on billing as set forth in the Billing Instructions for Receivers in Civil Actions Commenced by the U.S. Securities and Exchange Commission.

This fee application covers work by the Receiver and her counsel at the law firm of Ray Quinney & Nebeker, P.C. performed during the six month period from appointment of the Receiver on January 18, 2017 through June 30, 2017. During this time period, the receivership has benefited from the Receiver's consultation with a variety of legal specialists, as necessary, at substantially reduced rates. For example, the Receiver consulted with the following additional partners of Ray Quinney and Nebeker concerning matters in their expertise: Ellen Toscano, a specialist in transactions concerning private jets and other aircraft; Justin T. Toth, a senior litigation partner with significant experience in document collection and preservation issues; Samuel A. Lambert, a tax specialist; and Robert W. Wing, an experienced receiver and counsel to receivers in similar cases. In addition, administrative professionals have provided valuable assistance to the Receiver without charge. From January 18, 2017 through June 20, 2017, the

following professionals at Ray Quinney & Nebeker performed services for the Receivership

Estate at the identified rates:

- Receiver @ $250/hr.

    o Maria E. Windham

- Counsel for the Receiver @ 285/hr.

    o Matthew R. Lewis
    o Robert G. Wing
    o Justin T. Toth
    o Samuel A. Lambert
    o Ellen J. Toscano
    o Jascha K. Clark
    o Beth J. Ranschau
    o Erin M. Adams

- Paralegal @ $135/hr.

    o Kari Herron
    o Korinne Smith

## II.    CASE STATUS

It is well-established that the Defendants operated a Ponzi scheme.  In 2016, Deucher was

criminally indicted for the federal crime of securities fraud.  Deucher executed a Statement by

Defendant in Advance of Plea of Guilty and Plea Agreement in his federal criminal case, which

was accepted by the Court, on April 19, 2017.  As part of the factual statement in support of his

guilty plea, Deucher admitted that "beginning in and around March of 2010 and continuing to

around February of 2016," he "solicited approximately 170 investors to invest approximately

$16,000,000 in various real-estate based securities offerings secured with promissory notes."

*United States v. Deucher*, Case No. 2:16-CR-189-DN, Docket No. 50 (Statement of Defendant in

Advance of Plea of Guilty and Plea Agreement Pursuant to Fed. R. Crim. P. 11(c)(1)(C) Report

4

dated April 19, 2017.)  Deucher further admitted that "in relation to those investments, without authority or knowledge of the investors, I used investor funds to pay other investors and I used the money for my own personal benefit and living expenses."  (*Id.*)

Before the appointment of the Receiver, the Mr. Deucher and the other Defendants dissipated most, if not all, of the major assets of the Receivership Estate.  At the time the Court appointed the Receiver, there were no meaningful liquid assets in the bank accounts disclosed by the Defendants, most of which contained negative balances.  Additionally, there were no obvious physical assets of substantial value easily obtainable by the Receiver from the Defendants.[1] During the subsequent investigation, the Receiver has not been able to locate a significant source of liquid funds with which to pay the costs of the receivership.[2]  However, the Receiver believes pursuit of legal claims against certain third parties who received voidable transfers of assets is warranted.  The Receiver anticipates that payment of receivership expenses and any return to investors will be paid through resolution of legal claims.  On May 31, 2017 the Receiver filed her Motion for Order Authorizing the Filing of Claims and Settlement Procedures to the Court, which motion is unopposed.  (*See* Docket No. 156.)  The Receiver filed her request to submit concerning the same motion on July 7, 2017.  (*See* Docket No. 165.)

---

[1] By January 2017, the Defendants had ceased operations at their primary business location.  Their office furnishings had been seized by a lessor.  The Deuchers' remaining residence was encumbered, in foreclosure, subject to a separate lawsuit, and was expressly excluded from the Receivership Estate.  The Deuchers' asset disclosures filed with the Court had identified a list of other real estate the Defendants owned and used to make real-estate based securities offerings.  However, many of the disclosed properties were not recorded in the Defendants' names.  Additionally, the real estate used to make real-estate based securities offerings appeared to have been distressed real estate that Defendants had falsely promised investors Defendants would repair.  At the time the Receiver was appointed, the identities of remaining real estate assets and the values of those assets were uncertain.  Defendants had disclosed to the Court that Defendants owned two Lear Jets through an entity named Marquis Air, LLC.  The exact location of those Lear Jets was unknown.

[2] The Receiver also has reason to believe that the receivership cannot obtain a material recovery from sale of real property known to be in the receivership.  On July 11, 2017, the Receiver filed her Motion to Abandon Property on that basis (Docket No. 166).

The receivership account established by the Receiver currently bears a "zero" balance.  A copy of the SEC's Standardized Fund Accounting Report ("SFAR") is attached hereto as "Exhibit A".  The instant Receiver's First Interim Fee Application is submitted to apprise the Court of the fees and expenses incurred by the Receivership Estate in the Receiver's performance of her duties.  The Receiver hereby requests approval of the First Interim Fee Application so that the identified fees will be paid and expenses reimbursed to Ray Quinney & Nebeker, P.C. from the Receivership Estate when liquid assets become available.

**1.  Fees of Receiver and Counsel**

The fees for services rendered by the Receiver and by counsel at the law firm of Ray Quinney & Nebeker are detailed in the invoice attached hereto as "Exhibit B."[3]  The majority of the fees incurred by the Receivership Estate relate to investigation of assets and legal claims. The Receiver and her counsel expended significant time and effort to obtain and investigate the assets and legal claims of the persons under receivership.  The Receiver and her counsel also took necessary legal action to prevent further disposition of assets during the asset freeze period. Additionally the Receivership incurred necessary fees to pay for the Receiver and her counsel to administer the receivership and plan disposal of real property and other assets.

The Receiver requests the Court approve payment of fees for the services performed by the Receiver from January 2017 through June 2017 in the amount of $55,225.  The Receiver further requests that the Court approve payment of fees for services performed by Counsel to the Receiver during the same period in the amount of $147,030.

---

[3] The Receiver is filing herewith a motion to seal the contents of the billing statements identified in Exhibit B. Pending the ruling on that Motion, Exhibit B is redacted from the publicly filed document.

### 2. Administrative Expenses

In the Receiver's administration of the Receivership Estate, the Receiver has been very sensitive to the lack of liquid assets. Nonetheless, it was necessary for the Receiver and her counsel to pay certain costs and expenses to carry out the Receiver's duties. The Receiver therefore requests reimbursement of the expenses identified in the attached Exhibit "C", which include but are not limited to the following:

- Court filing fees paid to file Rule 754 Notices in jurisdictions in which there was reason to believe Defendants owned real estate or other significant assets, including several districts within Arizona, Florida, Kansas, Missouri, Ohio, and Pennsylvania;

- Fees for service of subpoenas;

- Court reporter fees and copies of deposition transcripts;

- Costs paid to Cicayda, LLC to perform necessary forensic imaging and processing of computer and cell phone data to make it available for review;

- Hard drives purchased to contain forensic images;

- Title search fees relating to real properties and Lear Jets potentially owned by Defendants;

- Web hosting fees for Receivership Website (WordPress); and

- Copying, postage, and parking expenses.

The expenses paid by the law firm of Ray Quinney & Nebeker, through June 30, 2017, for which the Receiver seeks reimbursement total: $13,874.51.

### 3. Amount of Unencumbered Funds

There are presently no unencumbered funds in the Receivership Account.

### 4. Summary of Administration of Funds

Funds have not been collected or disbursed from the Receivership Account.  Attorney's fees and expenses have been incurred by the law firm of Ray Quinney & Nebeker as detailed herein, but no payments have been made to Ray Quinney & Nebeker.  It is too early at this date to anticipate when such payment may be made, or when the receivership is expected to close.

### 5.  Summary of Creditor Claims Proceedings

The Receiver has not requested and the Court has not ordered creditor claims proceedings to begin.

### 6.  Description of Receivership Estate Assets

- The Receiver has determined that the most valuable assets of the Receivership Estate are voidable transfer/fraudulent transfer claims against third persons.  The Receiver has filed a Motion asking permission of the Court to pursue such claims.

- The Receiver has confirmed that several Lear Jets identified by the Defendants as assets of the Receivership Estate were transferred away or repossessed prior to appointment of the Receiver.

- The Receiver has identified and investigated the value of distressed real properties that remained within the Receivership Estate at the time of the appointment of the Receiver, and has concluded that they are not of sufficient value to provide a meaningful recovery to the Receivership Estate.  The Receiver filed a motion with the Court for permission to abandon these properties.

- Items of personal property are believed to remain in the Receivership Estate, and the Receiver is in the process of identifying all such personal property.  The Receiver has confirmed, however, that some of the property was pawned away from the Receivership Estate by the Defendants during the asset freeze and prior to the appointment of the Receiver.

- The Receiver maintains a low value claim to certain office furnishings seized from the Defendants by a lessor.  The Receiver and that lessor have agreed to the liquidation of such furnishings at auction in August to avoid further storage fees.  The Receiver agreed with that lessor that they will negotiate concerning their respective claims to the proceeds of the auction.  The estimated value of the office furnishings is less than $5,000.

**7.  Description of Unliquidated Claims**

On May 31, 2017, the Receiver filed her Motion for Order Authorizing the Filing of Claims and Settlement Procedures to the Court (Docket No. 156), in which she broadly identified claims against the following prospective Defendants:

- Credit card companies;

- Providers of goods and services to Marquis Properties;

- Investors in Marquis Properties who received more money from Marquis Properties than they invested with Marquis Properties;

- Recipients of funds from the sale of significant physical assets belonging to the Receivership Estate;

- Recipients of significant physical assets belonging to the Receivership Estate;

- Marquis Properties' escrow and title service providers;

- Family members of Chad Deucher;

- Current or former employees, insiders, agents, or principals of Marquis Properties; and

- Recipients of charitable contributions.

The Receiver's motion is unopposed, but has not been the subject of a Court Order.  The Receiver continues to evaluate the claims against these categories of potential Defendants.  She believes the potential recoveries on these claims could provide a substantial benefit to the Receivership Estate.  However, it is premature for the Receiver to identify the amount which she expects to recover on these various claims, if she obtains permission of the Court to file them.

**8.  Current and Previous Billings**

This is the first billing submitted by the Receiver to the Court.  The total fees for the

Receiver ($55,350) and counsel for the Receiver ($147,229.50) are broken down by person who

billed time during the period from 1/18/17 through 6/30/17 as follows:

| Person Billing | Hourly Rate | Hours Billed | Total Fees Billed 1/2017-6/2017 |
|---|---|---|---|
| Maria E. Windham | $250 | 220.9 | $55,225.00 |
| Matthew R. Lewis | $285 | 117.1 | $33,373.50 |
| Robert G. Wing | $285 | 100.4 | $28,614.00 |
| Justin T. Toth | $285 | 13 | $3,705.00 |
| Samuel A. Lambert | $285 | 11 | $3,135.00 |
| Ellen Toscano | $285 | 4.1 | $1,168.50 |
| Jascha K. Clark | $285 | 168.6 | $48,051.00 |
| Beth J. Ranschau | $285 | 8.1 | $2,308.50 |
| Erin M. Adams | $285 | 8.9 | $2,536.50 |
| Kari Herron | $135 | 173.2 | $23,382.00 |
| Korinne Smith | $135 | 5.6 | $756.00 |
| Total Billing | | | $202,255.00 |

**9.  Standardized Fund Accounting Report**

The SEC's Standardized Fund Accounting Report ("SFAR") for the first and second

quarters of 2017 is attached hereto as Exhibit A.

**III.      CERTIFICATION OF RECEIVER**

I, Maria E. Windham, the Receiver and applicant hereby certify as follows:

(a) I have read the above Application;

(b) to the best of my knowledge, information and belief formed after reasonable inquiry,

the above Application and all fees and expenses therein are true and accurate and comply with

the Billing Instructions, except that I did not provide the Application to the SEC 30 days prior to

August 14, 2017.

(c) all fees contained in the Application are based on the rates listed in the fee schedule included herein and such fees are reasonable;

(d) I have not included in the amount for which reimbursement is sought the amortization of the cost of any investment, equipment, or capital outlay (except to the extent that any such amortization is included within the permitted allowable amounts set forth herein for photocopies and facsimile transmission); and

(e) in seeking reimbursement for a service which the I justifiably purchased or contracted for from a third party (such as copying, imaging, bulk mail, messenger service, overnight courier, computerized research, or title and lien searches), I request reimbursement only for the amount billed to me by the third party vendor and paid by me to such vendor.  To the extent such services were performed by me, I certify I am not making a profit on such reimbursable service.

DATED this 31st day of August, 2017.


*/s/ Maria E. Windham*
By Maria E. Windham, Receiver


RESPECTFULLY SUBMITTED this 31st day of August, 2017.

RAY QUINNEY & NEBEKER P.C.


*/s/ Matthew R. Lewis*
Matthew R. Lewis
Jascha K. Clark
*Attorneys for the Receiver, Maria E. Windham*

11

**CERTIFICATE OF SERVICE**

I hereby certify that on this 31st day of August, 2017, I caused a true and correct copy of

the foregoing **RECEIVER'S FIRST INTERIM FEE APPLICATION FOR SERVICES**

**RENDERED FROM JANUARY 18, 2017 THROUGH JUNE 30, 2017** to be filed with the

Clerk of the Court using the CM/ECF system, which sent notification of such filing to the

following:

SECURITIES AND EXCHANGE COMMISSION
351 S WEST TEMPLE STE 6.100
SALT LAKE CITY, UT 84101
Email: olivera@sec.gov

Cheryl M. Mori
SECURITIES AND EXCHANGE COMMISSION
351 S WEST TEMPLE STE 6.100
SALT LAKE CITY, UT 84101
Email: moric@sec.gov

Daniel J. Wadley
SECURITIES AND EXCHANGE COMMISSION
351 S WEST TEMPLE STE 6.100
SALT LAKE CITY, UT 84101
Email: wadleyd@sec.gov

Matthew R. Howell
FILLMORE SPENCER LLC
3301 N UNIVERSITY AVE
PROVO, UT 84604
Email: mhowell@fslaw.com

Justin D. Heideman
HEIDEMAN & ASSOCIATES
2696 N UNIVERSITY AVE STE 180
PROVO, UT 84604
Email: jheideman@heidlaw.com

1

Armand J. Howell
HALLIDAY WATKINS & MANN PC
376 E 400 S STE 300
SALT LAKE CITY, UT 84111
Email: armand@hwmlawfirm.com

Robert K. Hunt
robert_hunt@fd.org

And via email on the following non-CM/ECF participant:

Richard Clatfelter
rick@rickclatfelter.com
Pro Se


/s/  Ashley Rollins_____


1420382

2