Kristine M. Larsen (9228)
Jascha K. Clark (16019)
Brittany J. Merrill (16104)
**RAY QUINNEY & NEBEKER P.C.**
36 South State Street, 14th Floor
P.O. Box 45385
Salt Lake City, Utah  84145-0385
Telephone:  (801) 532-1500
Facsimile: (801) 532-7543
E-mail:  klarsen@rqn.com
E-mail:  jclark@rqn.com
E-mail:  bmerrill@rqn.com

*Attorneys for Receiver, Maria E. Windham*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>            Plaintiff,<br><br>    vs.<br><br>MARQUIS PROPERTIES, LLC, a Utah Limited Liability Company, CHARD DEUCHER, an individual, and RICHARD CLATFELTER, an individual,<br><br>            Defendants,<br><br>JESSICA DEUCHER, an individual,<br><br>            Relief Defendant<br><br>    And<br><br>HODGES HOLDING, LLC, and U.S. BANK NATIONAL ASSOCIATION,<br><br>            Intervenors. | **RECEIVER'S SECOND INTERIM FEE APPLICATION FOR SERVICES RENDERED FROM JULY 1, 2017 THROUGH DECEMBER 31, 2017**<br><br>Case No. 2:16-cv-00040-JNP<br><br>Judge: Hon. Jill N. Parrish |

1

Maria E. Windham, the Court-appointed receiver (the "Receiver"), acting through counsel Ray Quinney & Nebeker, P.C., respectfully submits this Receiver's Second Interim Fee Application for Services Rendered from July 1, 2017 through December 31, 2017.

## I. BACKGROUND REGARDING APPLICATION

On January 19, 2016, the Securities and Exchange Commission ("SEC") filed suit against Chad Deucher ("Deucher") and Marquis Properties, LLC ("Marquis Properties") (collectively, the "Defendants") and others, alleging Defendants were involved in an "ongoing offering fraud and Ponzi scheme." On the motion of the SEC, the Court entered an asset freeze on January 20, 2016 (the "Asset Freeze Order") that required that all assets and books and records of the Defendants be preserved and frozen from further disposition.

During the proceedings in this case, it became evident that appointment of a receiver was necessary; event though the Defendants' Accounting and preliminary investigation by the SEC suggested there were few assets remaining in Defendants' possession. (*See, e.g.*, Docket No 34.) On January 18, 2017, almost a year after the Court's entry of the Asset Freeze Order, the Court entered the Order appointing Maria E. Windham, a lawyer and partner at the law firm Ray Quinney & Nebeker P.C., as Receiver (the "Receivership Order"). As Receiver, Ms. Windham is ordered to marshal and preserve certain assets of the Defendants that were frozen by the January 20 Asset Freeze Order, plus all additional recoverable assets, which are defined as "assets of any other entities or individuals that: (a) are attributable to funds derived from investors or clients of the Defendants; (b) are held in constructive trust for the Defendants; and/or (c) were fraudulently transferred by the Defendants" (the "Receivership Estate"). (*See* Receivership Order, Docket No. 110, at 1-2; Amended Order, Docket No. 182.)

2

The Court also approved lawyers at the law firm of Ray Quinney & Nebeker to act as Counsel to the Receiver.  (*See* Docket No. 117.)  The law firm of Ray Quinney & Nebeker has reduced the rate ordinarily charged by Ms. Windham to $250/hr., and has charged the services of all counsel at a unified rate of $285/hr.  These rates reflect significant discounts from the rates regularly charged by the partners who have performed services as Receiver and counsel to the Receiver.  Ray Quinney and Nebeker also reduced the rate charged for paralegal services to $135/hr. and provided other discounts and complied with limitations on billing as set forth in the Billing Instructions for Receivers in Civil Actions Commenced by the U.S. Securities and Exchange Commission.

This fee application covers work by the Receiver and her counsel at the law firm of Ray Quinney & Nebeker, P.C. performed during the six month period from July 1, 2017 through December 31, 2017.  During this time period, the receivership benefited from the Receiver's consultation at substantially reduced rates with her then lead counsel, Matthew R. Lewis, and with a variety of legal specialists, as necessary.  For example, the Receiver consulted with the following additional partners of Ray Quinney and Nebeker concerning matters in their expertise: Elaine Monson, a specialist in bankruptcy matters and abandonment of real property, and Justin Toth, a senior litigation partner with significant experience in document collection and preservation issues.  In addition, administrative professionals provided valuable assistance to the Receiver without charge.  From July 1, 2017 through December 31, 2017, the following professionals at Ray Quinney & Nebeker performed services for the Receivership Estate at the identified rates:

- Receiver @ $250/hr.
    - Maria E. Windham

- Counsel for the Receiver @ 285/hr.
    - Matthew R. Lewis
    - Elaine A. Monson
    - Steve W. Call
    - Justin T. Toth
    - Jascha K. Clark
    - Brittany J. Merrill

- Paralegal @ $135/hr.
    - Kari Herron

## II.     CASE STATUS

It is well-established that the Defendants operated a Ponzi scheme. In 2016, Deucher was criminally indicted for the federal crime of securities fraud. Deucher executed a Statement by Defendant in Advance of Plea of Guilty and Plea Agreement in his federal criminal case, which was accepted by the Court, on April 19, 2017. As part of the factual statement in support of his guilty plea, Deucher admitted that "beginning in and around March of 2010 and continuing to around February of 2016," he "solicited approximately 170 investors to invest approximately $16,000,000 in various real-estate based securities offerings secured with promissory notes." *United States v. Deucher*, Case No. 2:16-CR-189-DN, Docket No. 50 (Statement of Defendant in Advance of Plea of Guilty and Plea Agreement Pursuant to Fed. R. Crim. P. 11(c)(1)(C) Report dated April 19, 2017.) Deucher further admitted that "in relation to those investments, without authority or knowledge of the investors, I used investor funds to pay other investors and I used the money for my own personal benefit and living expenses." (*Id.*)

As described in detail in the Receiver's Fourth Status Report filed March 2, 2017, the Receiver has not been able to locate significant liquid or physical assets in the Receivership Defendants' possession with which to pay the costs of the receivership.  However, the Receiver believes pursuit of legal claims against certain third parties who received voidable transfers of assets is warranted.  The claims that will be asserted by the Receiver may amount to $5 million or $6 million.  The Receiver anticipates that payment of receivership expenses and any return to investors will be paid through resolution of her legal claims.  As of December 31, 2017, the Receiver had sent demand letters to nearly 100 transferees.  The Receiver obtained two signed settlement agreements by December 31, 2017, for which the Receiver began to receive settlement payments in January 2018.

On December 31, 2017, the receivership account established by the Receiver bore a balance of $6,076.03.  Attached hereto as "Exhibit A" is a copy of the SEC's Standardized Fund Accounting Report ("SFAR") for the period from July 1, 2017 to December 31, 2017.  The Receiver hereby requests approval of the Second Interim Fee Application so that the identified fees will be paid and expenses reimbursed to Ray Quinney & Nebeker, P.C. from the Receivership Estate when sufficient liquid assets are available.[1]

### 1. Fees of Receiver and Counsel

The fees for services rendered by the Receiver and by counsel at the law firm of Ray Quinney & Nebeker during the reporting period from July 1, 2017 through December 31, 2017

---

[1] This Court approved the Receiver's First Interim Fee Application (reserving designated holdback amounts) on January 10, 2018 (Docket 202).  The approved amount was paid in full from settlement payments received into the receivership account in January 2018. First quarter transactions in the receivership account will be identified in greater detail in the Receiver's Third Interim fee application due in May 2018.  As of March 6, 2018, the fee application approved by the court has been paid and the receivership account contains $ 21,161.69.

are detailed in the invoice attached hereto as "Exhibit B."[2] The majority of the fees incurred by the Receivership Estate relate to investigation of assets and legal claims. The Receiver and her counsel expended significant time and effort to obtain and investigate the assets and legal claims of the Receivership Defendants. The Receiver and her counsel also took necessary legal action to prevent further disposition of assets during the asset freeze period. Additionally the Receivership incurred necessary fees to pay the Receiver and her counsel to administer the receivership and plan disposal of real property.

The Receiver requests the Court approve payment of fees for the services performed by the Receiver from July 2017 through December 31, 2017 in the amount of $43,575. The Receiver further requests that the Court approve payment of fees for services performed by Counsel to the Receiver during the same period in the amount of $36,990.

**2. Administrative Expenses**

In the Receiver's administration of the Receivership Estate, the Receiver has been very sensitive to the lack of liquid assets. Nonetheless, it was necessary for the Receiver and her counsel to pay certain costs and expenses to carry out the Receiver's duties. The Receiver therefore requests reimbursement of the expenses identified in the attached Exhibit "C", which include but are not limited to the following:

- Fees for service of subpoenas;
- Court reporter fees, copies of deposition transcripts, and required witness fees;
- Costs paid to Cicayda, LLC to perform necessary forensic imaging and processing of computer and cell phone data and hosting services to make the records of Marquis Properties available for review in a searchable format;

---

[2] The Receiver is filing herewith a motion to seal the contents of the billing statements identified in Exhibit B. Pending the ruling on that Motion, Exhibit B is redacted from the publicly filed document.

- Title search fees relating to real properties; and

- Copying, postage, and parking expenses.

The expenses paid by the law firm of Ray Quinney & Nebeker, through December 31, 2017, for which the Receiver seeks reimbursement total: $7,978.80.

### 3. Amount of Unencumbered Funds

Funds in the Receivership Account as of December 31, 2017 amount to $6,076.03. The Receiver's fees, attorneys' fees and expenses incurred through December 31, 2017 to administer the Receivership exceeded that amount.

### 4. Summary of Administration of Funds

As of December 31, 2017, $6,076.03 had been collected and no funds had been disbursed from the Receivership Account.

### 5. Summary of Creditor Claims Proceedings

The Receiver has not requested and the Court has not ordered creditor claims proceedings to begin. The Receiver will seek the Court's permission to institute creditor claims proceedings when she has collected assets sufficient to cover the costs of administering a claims process.

### 6. Description of Receivership Estate Assets

- The Receiver has determined that the most valuable assets of the Receivership Estate are voidable transfer/fraudulent transfer claims against third persons. The Receiver has sent demand letters or otherwise asserted $5 million to $6 million in claims.

- The Receiver has confirmed that several Lear Jets identified by the Defendants as assets of the Receivership Estate held in the name of Marquis Air, LLC were transferred away or repossessed prior to appointment of the Receiver.

- The Receiver has identified and investigated the value of distressed real properties that remained within the Receivership Estate at the time of the appointment of the

      Receiver, and has concluded that they are not of sufficient value to provide a meaningful recovery to the Receivership Estate.  The Court granted the Receiver's motion to abandon these properties in October 2017.  After filing her abandonment motion, the Receiver identified one additional property in Marquis Properties' possession that is not of sufficient value to provide a meaningful recovery to the Receivership Estate.  The Receiver intends to request permission to abandon that property as well.

- Only a few items of personal property are believed to remain in the Receivership Estate.  The Receiver has discovered evidence that personal property previously disclosed by the Defendants was auctioned or pawned in violation of the Court's Asset Freeze Order.  Further investigation of the disposition of personal property is currently pending.

- On October 27, 2017, the Receiver deposited into the receivership account the proceeds of her liquidation of the contents of a storage shed belonging to Marquis Enterprises' prior land lord, Steve Black.  The Receiver and Steve Black had agreed that, although they had competing claims to the assets, they would preserve the value of those assets from mounting storage fees by liquidating the assets prior to resolution of their dispute.  Therefore, the proceeds of the liquidation (performed by Statewide Auction Company) equaling $6,034.72 are retained by the Receiver subject to resolution of the Receiver's ongoing negotiations with Steve Black regarding his claim to the contents.

**7. Description of Unliquidated Claims**

Through the last quarter of 2017 and the beginning of January 2018, the Receiver investigated and asserted nearly 100 demands for repayment of fraudulent transfers.  In response, many of the transferees entered into tolling agreements to allow time for the Receiver to obtain evidence of any defenses raised by the transferees, including any assertions of inability to pay a judgment, and then to negotiate with the recipients of the transfers concerning potential settlements.  The Receiver has asserted more than 2 million dollars in claims that are currently the subject of tolling agreements and negotiations.  Additionally, by January 18, 2018, the Receiver filed the following seven lawsuits with these additional claim amounts:

| Case | Minimum Damages Claimed |
|---|---:|
| *Windham v. Allen, et al.*, 2:18-cv-00054-JNP | $1,064,281 |
| *Windham v. Corey, et al.*, 2:18-cv-00065-EJF | $500,000 |
| *Windham v. Norville, et al.*, 2:18-cv-00057-EJF | $1,061,175 |
| *Windham v. Ringer, et al.*, 2:18-cv-00060-BCW | $121,320 |
| *Windham v. Shults, et al.*, 2:18-cv-00062-PMW | $300,000 |
| *Windham v. Snyder, et al.*, 2:18-cv-00063-BCW | $200,000 |
| *Windham v. Real Estate Investor Support, LLC, et al.* 2:18-cv-00059-BCW | $108,700 |
| *Windham v. Zurixx, LLC, et al.* 2:18-cv-00056-BCW | $214,500 |

Depending upon continuing negotiations with persons who have signed tolling agreements, and anticipated negotiations with several potential defendants against whom the Court has authorized suit, but against whom the Receiver has not yet asserted a demand, the Receiver anticipates that during the first and second quarters of 2018 she may file one or more additional lawsuits and/or amend the above lawsuits to add additional claims.  Altogether, the claims may amount to $5 million or $6 million in claims asserted by the Receiver

**8.  Current and Previous Billings**

This is the second fee application submitted by the Receiver to the Court.  The total fees billed for the period from 7/1/2017 through 12/31/2017 for the Receiver ($43,575) and for counsel for the Receiver ($36,990) are broken down by timekeeper as follows:

| Person Billing | Hourly Rate | Hours Billed | Total Fees Billed 7/1/2017-12/31/2017 |
|---|---:|---:|---:|
| Maria E. Windham | $250 | 174.30 | $43,575.00 |
| Matthew R. Lewis | $285 | 25.90 | $7,381.00 |
| Elaine A. Monson | $285 | 22.50 | $6,412.50 |
| Steve W. Call | $285 | 0.60 | $171.00 |
| Justin T. Toth | $285 | 1.60 | $456.00 |
| Jascha K. Clark | $285 | 48 | $13,680.00 |
| Kari Herron | $135 | 27 | $3,645.00 |
| **Total Billing** | | **318.30** | **$80,565.00** |

9

The total fees billed for the period from 1/18/17 through 6/30/17 for the Receiver ($55,350) and for counsel for the Receiver ($147,229.50) are broken down by timekeeper as follows:

| Person Billing | Hourly Rate | Hours Billed | Total Fees Billed 1/2017-6/2017 |
|---|---|---|---|
| Maria E. Windham | $250 | 220.9 | $55,225.00 |
| Matthew R. Lewis | $285 | 117.1 | $33,373.50 |
| Robert G. Wing | $285 | 100.4 | $28,614.00 |
| Justin T. Toth | $285 | 13 | $3,705.00 |
| Samuel A. Lambert | $285 | 11 | $3,135.00 |
| Ellen Toscano | $285 | 4.1 | $1,168.50 |
| Jascha K. Clark | $285 | 168.6 | $48,051.00 |
| Beth J. Ranschau | $285 | 8.1 | $2,308.50 |
| Erin M. Adams | $285 | 8.9 | $2,536.50 |
| Kari Herron | $135 | 173.2 | $23,382.00 |
| Korinne Smith | $135 | 5.6 | $756.00 |
| **Total Billing** | | **830.9** | **$202,255.00** |

As of December 31, 2017, the Receiver billed $98,800.00. Counsel for the Receiver billed $184,219.50. The total expenditure is $282,820.00. As of December 31, 2017, no fees or expenses had been paid from the receivership account.

**9. Standardized Fund Accounting Report**

The SEC's Standardized Fund Accounting Report ("SFAR") for the second and third quarters of 2017 is attached hereto as Exhibit A.

**III. CERTIFICATION OF RECEIVER**

I, Maria E. Windham, the Receiver and applicant hereby certify as follows:

(a) I have read the above Application;

(b) to the best of my knowledge, information and belief formed after reasonable inquiry,

10

the above Application and all fees and expenses therein are true and accurate and comply with the Billing Instructions, except that I did not provide the Application to the SEC 30 days prior to March 19, 2017.

(c) all fees contained in the Application are based on the rates listed in the fee schedule included herein and such fees are reasonable;

(d) I have not included in the amount for which reimbursement is sought the amortization of the cost of any investment, equipment, or capital outlay (except to the extent that any such amortization is included within the permitted allowable amounts set forth herein for photocopies and facsimile transmission); and

(e) in seeking reimbursement for a service which the I justifiably purchased or contracted for from a third party (such as copying, imaging, bulk mail, messenger service, overnight courier, computerized research, or title and lien searches), I request reimbursement only for the amount billed to me by the third party vendor and paid by me to such vendor.  To the extent such services were performed by me, I certify I am not making a profit on such reimbursable service.

DATED this 5th day of March, 2018.

*/s/ Maria E. Windham*
By Maria E. Windham, Receiver

RESPECTFULLY SUBMITTED this 16th day of March, 2018.

                                            RAY QUINNEY & NEBEKER P.C.

                                            */s/  Jascha K. Clark*
                                            Kristine M. Larsen
                                            Jascha K. Clark
                                            Brittany J. Merrill
                                            *Attorneys for the Receiver, Maria E. Windham*

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of March, 2018, I caused a true and correct copy of the foregoing **RECEIVER'S SECOND INTERIM FEE APPLICATION FOR SERVICES RENDERED FROM JULY 1, 2017 THROUGH DECEMBER 31, 2017** to be filed with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to the following:

    Amy Oliver
    SECURITIES AND EXCHANGE COMMISSION
    351 S WEST TEMPLE STE 6.100
    SALT LAKE CITY, UT 84101
    Email: olivera@sec.gov

    Cheryl M. Mori
    SECURITIES AND EXCHANGE COMMISSION
    351 S WEST TEMPLE STE 6.100
    SALT LAKE CITY, UT 84101
    Email: moric@sec.gov

    Daniel J. Wadley
    SECURITIES AND EXCHANGE COMMISSION
    351 S WEST TEMPLE STE 6.100
    SALT LAKE CITY, UT 84101
    Email: wadleyd@sec.gov

    Matthew R. Howell
    FILLMORE SPENCER LLC
    3301 N UNIVERSITY AVE
    PROVO, UT 84604
    Email: mhowell@fslaw.com

    Justin D. Heideman
    HEIDEMAN & ASSOCIATES
    2696 N UNIVERSITY AVE STE 180
    PROVO, UT 84604
    Email: jheideman@heidlaw.com

Armand J. Howell
HALLIDAY WATKINS & MANN PC
376 E 400 S STE 300
SALT LAKE CITY, UT 84111
Email: armand@hwmlawfirm.com

Robert K. Hunt
robert_hunt@fd.org

And via email on the following non-CM/ECF participant:

Richard Clatfelter
rick@rickclatfelter.com
Pro Se


　　　　　　　　　　　　　　　　　　　　　　　　／s/  Ashley Rollins

## Index of Exhibits

Exhibit A:   SEC's Standardized Fund Accounting Report ("SFAR") for the period from July 1, 2017 to December 31, 2017

Exhibit B:   Fees for services rendered by the Receiver and by counsel at the law firm of Ray Quinney & Nebeker during the reporting period from July 1, 2017 through December 31, 2017 **FILED UNDER SEAL**

Exhibit C:   Expenses paid by the law firm of Ray Quinney & Nebeker, through December 31, 2017

1431523