Kristine M. Larsen (9228)
Jascha K. Clark (16019)
Brittany J. Merrill (16104)
**RAY QUINNEY & NEBEKER P.C.**
36 South State Street, 14th Floor
P.O. Box 45385
Salt Lake City, Utah  84145-0385
Telephone:  (801) 532-1500
Facsimile: (801) 532-7543
E-mail:  klarsen@rqn.com
E-mail: jclark@rqn.com
E-mail: bmerrill@rqn.com

*Attorneys for Receiver, Maria E. Windham*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>     Plaintiff,<br><br>  vs.<br><br>MARQUIS PROPERTIES, LLC, a Utah Limited Liability Company, CHARD DEUCHER, an individual, and RICHARD CLATFELTER, an individual,<br><br>    Defendants,<br><br>JESSICA DEUCHER, an individual,<br><br>    Relief Defendant<br><br>  And<br><br>HODGES HOLDING, LLC, and U.S. BANK NATIONAL ASSOCIATION,<br><br>    Intervenors. | **RECEIVER'S FOURTH INTERIM FEE APPLICATION FOR SERVICES RENDERED FROM APRIL 1, 2018 THROUGH JUNE 30, 2018**<br><br><br>Case No. 2:16-cv-00040-JNP<br><br>Judge: Hon. Jill N. Parrish |

Maria E. Windham, the Court-appointed receiver (the "Receiver"), acting through counsel Ray Quinney & Nebeker, P.C., respectfully submits this Receiver's Fourth Interim Fee Application for Services Rendered from April 1, 2018 through June 30, 2018 and requests that the court (1) approve the Receiver's fees, Attorney Fees, and expenses identified in this Fourth Interim Fee Application, and (2) order full payment of the Receiver's previously-pending Third Fee Application plus one-half payment due pursuant to this Receiver's Fourth Interim Fee Application from the existing balance of the receivership account, as described in detail below.

## I.      BACKGROUND REGARDING APPLICATION

On January 19, 2016, the Securities and Exchange Commission ("SEC") filed suit against Chad Deucher ("Deucher") and Marquis Properties, LLC ("Marquis Properties") (collectively, the "Defendants") and others, alleging Defendants were involved in an "ongoing offering fraud and Ponzi scheme."  On the motion of the SEC, the Court entered an asset freeze on January 20, 2016 (the "Asset Freeze Order") that required that all assets and books and records of the Defendants be preserved and frozen from further disposition.

During the proceedings in this case, it became evident that appointment of a receiver was necessary, even though the Defendants' Accounting and preliminary investigation by the SEC suggested there were few assets remaining in Defendants' possession.  (*See, e.g.*, Dkt. No 34.) On January 18, 2017, almost a year after the Court's entry of the Asset Freeze Order, the Court entered the Order appointing Maria E. Windham, a lawyer and partner at the law firm Ray Quinney & Nebeker P.C., as Receiver (the "Receivership Order").  As Receiver, Ms. Windham is ordered to marshal and preserve certain assets of the Defendants that were frozen by the January 20 Asset Freeze Order, plus all additional recoverable assets, which are defined as

"assets of any other entities or individuals that: (a) are attributable to funds derived from investors or clients of the Defendants; (b) are held in constructive trust for the Defendants; and/or (c) were fraudulently transferred by the Defendants" (the "Receivership Estate").  (*See* Receivership Order, Dkt. No. 110, at 1-2; Amended Order, Dkt. No. 182.)

The Court approved lawyers at the law firm of Ray Quinney & Nebeker to act as Counsel to the Receiver, (Dkt. No. 117), and Deiss Law to act as conflicts counsel (Dkt. No. 200).  The law firm of Ray Quinney & Nebeker reduced the rate ordinarily charged by Ms. Windham to $250/hr., and has charged the services of all counsel at a unified rate of $285/hr.  These rates reflect significant discounts from the rates regularly charged by the partners who have performed services as Receiver and counsel to the Receiver.  Ray Quinney and Nebeker also reduced the rate charged for paralegal services to $135/hr. and provided other discounts and complied with limitations on billing as set forth in the Billing Instructions for Receivers in Civil Actions Commenced by the U.S. Securities and Exchange Commission.  Moreover, Ray Quinney & Nebeker and the partners working on the case, including the Receiver, have undertaken substantial costs and risk of nonpayment for the benefit of the receivership estate while there are insufficient liquid assets in the bank accounts by fronting expenses and investing the Receiver's time and counsel's time required to manage a complex receivership and seek to prevent continuation of the fraud.  Despite this risk, Ray Quinney & Nebeker has not charged a contingency fee or otherwise increased its rates to reflect the risk of nonpayment.  Deiss Law has also charged the same unified rates as Ray Quinney & Nebeker and undertaken risk of nonpayment for the benefit of the receivership estate without charging a contingency fee or otherwise increasing its rates to reflect risk of nonpayment.

This fee application covers work by the Receiver and her counsel at the law firms of Ray Quinney & Nebeker, P.C. and Deiss Law performed during the three month period from April 1, 2018 through June 30, 2018.  During this time period, the receivership benefited from the Receiver's consultation at substantially reduced rates with her lead counsel, Kristine Larsen, and with a variety of legal specialists, as necessary.  For example, the Receiver consulted with the following additional partners of Ray Quinney and Nebeker concerning matters in their expertise: Elaine Monson, a specialist in bankruptcy matters and abandonment of real property, Kelly Applegate, a tax attorney/CPA, and Justin Toth, a senior litigation partner with significant experience in document collection and preservation issues.  In addition, administrative professionals provided extensive and valuable assistance to the Receiver without charge.  From April 1, 2018 through June 30, 2018, the following professionals at Ray Quinney & Nebeker performed services for the Receivership Estate at the identified rates:

- Receiver @ $250/hr.

    o  Maria E. Windham

- Counsel for the Receiver @ 285/hr.

    o  Kristine Larsen
    o  Elaine A. Monson
    o  Kelly J. Applegate
    o  Justin T. Toth
    o  Jascha K. Clark
    o  Brittany J. Merrill
    o  Whitney H. Krogue

- Paralegal @ $135/hr.

    o  Carrie Hurst
    o  Susan Seder

4

      ○  Troy Mollerup[1]

Additionally, from April 1, 2018 through June 30, 2018, the following professionals at Deiss Law performed services for the Receivership Estate under an agreement to charge the identified rates:

- Counsel for the Receiver @ $285/hr.

      ○  Diana F. Bradley
      ○  Wes Felix
      ○  Brenda Weinberg
      ○  Matt Kaufmann

- Paralegal @ $135/hr.

      ○  Zach Abend

## II.   CASE STATUS

It is well-established that the Defendants operated a Ponzi scheme.  In 2016, Deucher was criminally indicted for the federal crime of securities fraud.  Deucher executed a Statement by Defendant in Advance of Plea of Guilty and Plea Agreement in his federal criminal case, which was accepted by the Court, on April 19, 2017.  As part of the factual statement in support of his guilty plea, Deucher admitted that "beginning in and around March of 2010 and continuing to around February of 2016," he "solicited approximately 170 investors to invest approximately $16,000,000 in various real-estate based securities offerings secured with promissory notes." *United States v. Deucher*, Case No. 2:16-CR-189-DN, Dkt. No. 50 (Statement of Defendant in Advance of Plea of Guilty and Plea Agreement Pursuant to Fed. R. Crim. P. 11(c)(1)(C) Report dated April 19, 2017.)  Deucher further admitted that "in relation to those investments, without

---

[1] Troy Mollerup is a Ray Quinney & Nebeker staff attorney who specializes in ESI collection, processing, and review.  His assistance on this matter regarding collection and processing of ESI has been reduced to the $135/hr paralegal rate for this case.

authority or knowledge of the investors, I used investor funds to pay other investors and I used the money for my own personal benefit and living expenses." (*Id.*)

As described in detail in the Receiver's Fourth Status Report filed March 2, 2018, the Receiver has not been able to locate significant liquid or physical assets in the Receivership Defendants' possession with which to pay the costs of the receivership. However, the Receiver believes the receivership estate has legal claims of significant value against certain third parties who received fraudulent transfers from Marquis Properties. The Receiver's claims include more than $1 Million in claims for return of unlawful commissions paid to the transferees. She also has significant claims against insiders, other transferees who promoted investments in the Marquis Properties Ponzi Scheme, and against net winners who received significantly more from Marquis Properties than the amounts they invested in good faith. The Receiver anticipates that payment of receivership expenses and any return to investors will be paid through resolution of her legal claims against the various transferees who received fraudulent transfers.

The Receiver is currently pursuing return of fraudulent transfers from various transferees through negotiation and, if necessary, through litigation. By April 1, 2018, the Receiver had obtained settlements that, aggregated, totaled **$295,528.77.** Between April 1, 2018 and June 30, 2018, the Receiver settled an additional thirteen demands for repayment of fraudulent transfers pursuant to which the settling transferees agreed to pay settlements that, aggregated, total **$225,770.11**. She settled 3 of those demands either on the terms of the pre-litigation standardized settlement agreement previously approved by the Court, which offers transferees favorable settlement terms for pre-litigation settlement of claims, or pursuant to her authority to resolve demands valued at $25,000 or less. (See Dkt. Nos. 156, 178, 206). She settled the

remaining ten claims on the confidential settlement terms approved by the Court Orders dated

July 2, 2018.[2]  The Receiver has filed and is currently resolving or pursuing ten lawsuits, which

together asserted fraudulent transfer and related state claims for return of more than 3.5 Million

dollars.  The Receiver also continues to be in active settlement negotiations with other

transferees who signed tolling agreements.

On July 3, 2018, just days after the reporting period for the purpose of this fee application

ended, the court approved all of the outstanding settlement agreements, and Defendants began

making payments on the settlement agreements to the Receiver.  By August 31, 2018, an

additional sum of $175,626.21 in settlement payments was received by the Receiver and

deposited in the Receivership account. Subtracting the Court-ordered payments of professional

fees and expenses, which the Receiver paid pursuant to the Court order granting the Receiver's

Second Interim Fee Application, the receivership account established by the Receiver bore a

balance of $212,441.34 by August 31, 2018.  Attached hereto as "Exhibit A" is a copy of the

SEC's Standardized Fund Accounting Report ("SFAR") for the period from April 1, 2018 to

August 31, 2018, which provides detail concerning the deposit of settlement funds, payment of

fees and expenses, and other transactions in the Receivership Account.

**1. Fees of Receiver and Counsel**

The fees for services rendered by the Receiver and by counsel at the law firm of Ray

Quinney & Nebeker and Deiss Law during the period from April 1, 2018 through June 30, 2018

---

[2] By June 30, 2018, the Receiver also resolved her dispute in the Garrett Deucher bankruptcy by entering into a court-approved agreement that she has a significant unsecured claim against Garrett Deucher.  (Dkt. No. 238.) Because the claim is unsecured, and payment is uncertain, the sum of that settlement is not included in the agreed-upon liquidated settlement payments identified above.

are detailed in the invoices attached hereto as "Exhibit B."[3]  The majority of the fees incurred by the Receivership Estate were incurred for investigation, negotiation, and litigation of the Receiver's claims.  The Receiver and her counsel expended significant time and effort to negotiate settlements and continue her investigation and pursuit of the assets and legal claims of the Entity Receivership Defendant.  The Receivership also incurred necessary fees to pay the Receiver and her counsel at Ray Quinney & Nebeker to administer the receivership and to complete her abandonment of real property in a manner that protects the Receivership estate.[4]

In consideration of these services, the Receiver requests the Court approve the fees for the services performed by the Receiver from April 1, 2018 through June 30, 2018 in the amount of **$54,025.00**.[5]  The Receiver further requests that the Court approve fees for services performed by counsel during the same period in the amount of **$92,845.95** (**$72,636.00**[6] in attorney fees for services of Ray Quinney & Nebeker and $**20,209.95**[7] in attorney fees for services of Deiss Law). Excluding the 20% holdback the Court applies to fee awards, the Receiver requests that the Court approve the Receiver's fees for the period from April 1, 2018 through June 30, 2018 in the

---

[3] The Receiver is filing herewith a motion to seal the contents of the billing statements identified in Exhibit B. Pending the ruling on that Motion, Exhibit B is redacted from the publicly filed document.

[4] The Receiver considers abandonment of properties not only necessary to the resolution of the receivership, but also an important service to communities where the distressed properties are located and to potential victims of continuing fraud.  The Receiver's investigation found that these properties remaining titled to Marquis Properties continued to be used in fraudulent schemes by Chad Deucher and others during the asset freeze period (and even during the pendency of the receivership) and that the same properties were nuisances and hazards in the communities where they were located. (*See* the Receiver's Third Notice of Violation.)

[5] The attached bills are separated into bills for this case and for each piece of ancillary litigation. This number is the sum of all of the Receiver's fees during the relevant period from this case ($21,900.00), *Windham v. Allen* ($8,900), *Windham v. Corey* ($4,575.00), *Windham v. Norville* ($11,350.00), *Windham v. Ringer* ($425.00), *Windham v. Shults* ($1,000), *Windham v. Snyder* ($3,475), *Windham v. Hill* ($150.00), and *Windham v. Deucher* ($2,250.00).

[6] This number is the sum of all of the fees charged by the Receiver's counsel at Ray Quinney & Nebeker during the relevant period for  this case ($30,849.00), *Windham v. Allen* ($15,055.50), *Windham v. Corey* ($12,963.00), *Windham v. Norville* ($3,285.00), *Windham v. Ringer* ($2,157.00), *Windham v. Shults* ($1,797.00), *Windham v. Snyder* ($4,954.50), *Windham v. Hill* ($684.00), and *Windham v. Deucher* ($891.00).

[7] This number is the sum of all of the fees charged by the Receiver's counsel at Deiss Law during the relevant period for this case ($1,734.45), *Windham v. Boyd* ($2,316.75), *In re Jonathan Eborn* ($747.00), *Windham v. Real Estate* ($397.50), *Windham v. Zurixx* ($15,014.25)

amount of **$43,220.00**, and attorneys' fees for the same period in the amount of **$74,276.76**
($**58,108.80** to Ray Quinney & Nebeker, PC, and $**16,167.96** to Deiss Law).

### 2. Administrative Expenses

Throughout the Receiver's administration of the Receivership Estate, the Receiver has
been very sensitive to the lack of liquid assets.  Nonetheless, it was necessary for the Receiver
and her counsel to pay certain costs and expenses to carry out the Receiver's duties.  In this
Fourth Interim Fee Application, the Receiver therefore seeks reimbursement of the expenses
identified in the attached Exhibit "C", incurred between April 1, 2018 and June 30, 2018, which
include but are not limited to the following:

- Fees for filing Complaints in federal court;

- Fees for service of Complaints and subpoenas;

- Costs paid to Cicayda, LLC to make the records of Marquis Properties available for
  review in a searchable format;

- Title search fees and recording fees relating to investigation and abandonment of real
  properties; and

- Copying and postage expenses.

The sum of the expenses paid by the law firm of Ray Quinney & Nebeker from April 1, 2018
through June 30, 2018, for which the Receiver seeks reimbursement equals $3,297.26.  The sum
of the expenses paid by Deiss Law from April 1, 2018 through June 30, 2018 for which the
Receiver seeks reimbursement equals $663.00.  In total, the Receiver requests that the Court
approve reimbursement of expenses paid by counsel during the same period in the amount of
$3,960.26**.**  If the Court applies a 20% hold back to expenses, the Court should approve

reimbursement of **$3,168.21** of expenses incurred between April 1, 2018 through June 30, 2018 (**$2,637.81** to Ray Quinney & Nebeker and $**530.40** to Deiss Law).

### 3. Amount of Unencumbered Funds

Funds in the Receivership Account as of August 31, 2018 amount to $212,441.34.  The unpaid Receiver's fees, attorneys' fees and expenses incurred through June 30, 2018 to administer the Receivership presently exceed the funds recovered into the receivership account.

### 4. Summary of Administration of Funds

Between April 1, 2018 and August 31, 2018, the Receiver collected an additional $175,629.40 into the receivership account having a previous balance of $107,783.79.  Between April 1, 2018 and August 31, 2018, the Receiver paid $70,971.85 from the account for (1) Court-ordered payments made pursuant to the Receiver's second interim fee application and (2) payment of state and federal income tax owed by the Receivership Estate.  The balance in the receivership estate account on August 31, 2018 was **$212,441.34**.  The Court has not ruled on the Receiver's Third Interim Fee Application or on this Receiver's Fourth Interim Fee Application.

### 5. Summary of Creditor Claims Proceedings

The Receiver has not requested and the Court has not ordered creditor claims proceedings to begin.  The Receiver will seek the Court's permission to institute creditor claims proceedings when she has collected assets sufficient to cover the costs of collecting settlements and administering a claims process, which the Receiver has estimated will be triggered when (and if) the Receiver recovers $1,000,000.

### 6. Description of Receivership Estate Assets

- The Receiver has determined that the most valuable assets of the Receivership Estate are voidable transfer/fraudulent transfer claims against third persons.  At

the beginning of 2018, the Receiver filed litigation and/or entered into tolling agreements regarding $5 million to $6 million in claims against third parties.  By August 31, 2018 the Receiver settled with multiple defendants for a total of $518,048.64.  She has received $454,184.88 of the liquidated payments promised pursuant to the presently existing settlement agreements into the receivership account.  She expects to receive the following additional monthly payments pursuant to these currently-existing settlement agreements:

| Month Due | Payments Due by Month |
|---|---|
| 9/2018 | $4,240.55 |
| 10/2018 | $14,240.55 |
| 11/2018 | $5,073.88 |
| 12/2018 | $5,073.88 |
| 1/2019 | $5,073.88 |
| 2/2019 | $5,073.88 |
| 3/2019 | $5,073.88 |
| 4/2019 | $4,448.88 |
| 5/2019 | $4,448.88 |
| 6/2019 | $4,448.88 |
| 7/2019 | $1,388.88 |
| 8/2019 | $1,388.88 |
| 9/2019 | $1,388.88 |
| 10/2019 | $1,388.88 |
| 11/2019 | $555.55 |
| 12/2019 | $555.55 |
| **Total:** | **$63,863.76** |

- The Receiver has confirmed that several Lear Jets identified by the Defendants as assets of the Receivership Estate held in the name of Marquis Air, LLC were transferred away or repossessed prior to appointment of the Receiver.

- The Receiver has identified and investigated the value of distressed real properties that remained within the Receivership Estate at the time of the appointment of the Receiver.  She concluded that none of the real property assets that remained in the receivership estate are of sufficient value to provide a meaningful recovery to the Receivership Estate, and they present significant liabilities.  Therefore, the Receiver abandoned the properties with Court approval. After filing her abandonment motion, the Receiver identified one additional bare lot in Marquis Properties' possession that will cost more to sell or to abandon than the value of the property, which is estimated to be approximately $500.  The Receiver was recently notified that this property is subject to an imminent tax sale.

11

Accordingly, the Receiver does not presently intend to file a motion to abandon that single low-value lot and to allow the tax sale process to proceed.

- Only a few items of personal property are believed to remain in the Receivership Estate.  The Receiver discovered evidence that personal property previously disclosed by the Defendants was auctioned or pawned in violation of the Court's Asset Freeze Order from January 16, 2016 through December 2017.  Recently, a fake Rolex watch was physically returned to the Receiver by a recipient of fraudulent transfers.  That watch is held in the Receiver's offices. The Receiver is also aware of a handgun that was fraudulently transferred to a transferee.  She instructed the transferee to hold it in safekeeping as a frozen asset until receipt of further directions from the Receiver.

- On October 27, 2017, the Receiver deposited into the receivership account the proceeds of her liquidation of the contents of a storage shed belonging to Marquis Enterprises' prior land lord, Steve Black.  The Receiver and Mr. Black previously agreed that, although they had competing claims to the assets, they would preserve the value of the furnishings kept in the storage shed from mounting storage fees by liquidating those assets prior to resolution of their dispute.  Therefore, the proceeds of the liquidation (performed by Statewide Auction Company) equaling $6,034.72 were retained by the Receiver and deposited into the receivership account subject to resolution of the Receiver's ongoing negotiations with Mr. Black regarding his claim to the same furnishings.  The Receiver has now resolved that negotiation, pursuant to which she returned $1,206.94 of the proceeds by check made out from the receivership account to Mr. Black.

### 7.  Description of Unliquidated Claims

Through the last quarter of 2017 and the first two quarters of 2018, the Receiver investigated and asserted approximately 100 demands for repayment of fraudulent transfers.  In response, many of the transferees entered into tolling agreements to allow time for the Receiver to obtain evidence of any defenses raised by the transferees, including any assertions of inability to pay a judgment, and then to negotiate with the transferees concerning settlement.  The Receiver initially obtained tolling agreements on more than $2 million dollars in claims.  By June 30, 2018, the Receiver had filed ten lawsuits with these minimum claim amounts:

| Case | Minimum Damages Claimed |
|------|------------------------:|
| *Windham v. Allen, et al.*, 2:18-cv-00054-JNP | $1,064,281 |
| *Windham v. Corey, et al.*, 2:18-cv-00065-EJF | $614,831 |
| *Windham v. Norville, et al.*, 2:18-cv-00057-EJF | $1,061,175 |
| *Windham v. Ringer, et al.*, 2:18-cv-00060-BCW | $121,320 |
| *Windham v. Shults, et al.*, 2:18-cv-00062-PMW | $300,000 |
| *Windham v. Snyder, et al.*, 2:18-cv-00063-BCW | $200,000 |
| *Windham v. Real Estate Investor Support, LLC, et al.* 2:18-cv-00059-BCW | $108,700 |
| *Windham v. Zurixx, LLC, et al.* 2:18-cv-00056-BCW | $214,500 |
| *Windham v. Hill* 2:18-cv-00317-PMW | $27,000 |
| *Windham v. Deucher, et al.* 2:18-cv-00428-TS-PMW | $760,325 |

Depending upon continuing pre-filing settlement negotiations with several persons who have signed tolling agreements, the Receiver anticipates that during the fourth quarter of 2018 she may file one or more additional lawsuits.

By August 31, 2018, the Receiver also obtained default judgments or filed pending motions for default judgment against the following individuals in the following amounts:

| Defendant(s) | Judgment Requested | Reference |
|--------------|-------------------:|-----------|
| Dawn Powers | $1,183.21 | *Windham v. Shults*, Dkt. 71 |
| Gordon L. Bolster & GLB Investments | $113,114.15 | *Windham v. Shults*, Dkt. 72[8] |
| Shults entity defendants | $23,593.67 | *Windham v. Shults*, Dkt. 73 |
| Erik Emil Thomsen | $197,499.48 | *Windham v. Allen*, Dkt. 139 |
| Brian M. Christensen & Renewable Rentals | $38,781.24 | *Windham v. Allen*, Dkt. 140 |
| Judd Levi Simpson | $23,956.40 | *Windham v. Allen*, Dkt. 134 |
| Garrett Deucher & Anne Deucher | $300,000.00 | Bankruptcy of Garrett and Anne Deucher[9] |

---

[8] Mr. Bolster subsequently filed a motion to set aside default, which is opposed by Receiver. *Windham v. Shults*, Dkt. 75-76.
[9] Garrett Deucher and Anne Deucher agreed to settle the Receiver's claims against them by consenting to entry of a $300,000 unsecured claim in the Deuchers' bankruptcy case.

| Total: | **$698,128.15** | |
|---|---|---|

By August 31, 2018, the Receiver has also resolved her claims with respect to some of the defendants referenced in the above-referenced litigation.  The cases *Windham v. Ringer* and *Windham v. Hill* have been settled and will be dismissed if the defendants pay promised consideration.  The case *Windham v. Ringer* is stayed by order of the Court pending collateral criminal action against the Snyder defendants.  Unless Gordon L. Bolster succeeds in his pending motion to set aside default, the case *Windham v. Shults* will be fully resolved by the entry of default judgments.

In the Receiver's Third Interim Fee Application, the Receiver estimated that the total value of claims asserted by the Receiver is equal to $4 million or $5 million in claims against transferees.  However, the Receiver cannot at the present date give an accurate prediction of the value the Receiver will be able to collect via litigation or settlement.  The Court has previously approved settlement with certain transferees based on ability to pay where transferees have provided rigorous financial disclosures and sworn declarations concerning their financial means.  The collectability of default judgments is also uncertain.

## 8.  Current and Previous Billings

This is the fourth fee application submitted by the Receiver to the Court.  The total fees billed for the period from April 1, 2018 through June 30, 2018 for the Receiver $54,025.00 and for counsel for the Receiver $92,845.95 are broken down by timekeeper as follows:

| Person Billing | Hourly Rate | Hours Billed | Total Fees Billed 4/1/2018-6/30/2018 |
|---|---|---|---|
| **Receiver** | | | |
| Maria E. Windham | $250 | 216.1 | $54,025.00 |
| **RQN Attorney Fees** | | | |

| | | | |
|---|---|---|---|
| Kristine M. Larsen | $285 | 10.4 | $2,964.00 |
| Justin T. Toth | $285 | 1.10 | $313.50 |
| Elaine A. Monson | $285 | 28.40 | $8,094.00 |
| Jascha K. Clark | $285 | 118.8 | $33,858.00 |
| Kelly J. Applegate | $285 | .30 | $85.50 |
| Brit Merrill | $285 | 47.3 | $13,480.50 |
| Whitney Hulet Krogue | $285 | 15.5 | $4,417.50 |
| Troy Mollerup | $135 | 1.70 | $229.50 |
| Susan Seder | $135 | 67.3 | $9,085.50 |
| Carrie Hurst | $135 | .80 | $108.00 |
| | **Subtotal** | **291.6** | **$72,636.00** |
| **Deiss Law Attorney Fees** | | | |
| Wess Felix | $285 | .40 | $114.00 |
| Diana Bradley | $285 | .40 | $114.00 |
| Matthew Kaufmann | $285 | 59.20 | $16,872.00 |
| Brenda Weinberg | $285 | .60 | $171.00 |
| Zach Abend (paralegal) | $135 | 21.77 | $2,938.95 |
| | **Subtotal** | **82.37** | **$20,209.95** |
| **Total – Receiver's Fees** | | **216.1** | **$54,025.00** |
| **Total  - Attorneys Fees** | | **373.97** | **$92,845.95** |
| **Total – Expenses (RQN: $3,297.26 + Deiss Law: $663.00)** | | | **$3,960.26** |
| **Total Billing 4/1/18-6/30/18** | | **590.07** | **$150,831.21** |

Excluding the 20% holdback the Court applies to fees, the Court should approve the Receiver's fees for the period from April 1, 2018 through June 30, 2018 in the amount of $**43,220.00**, attorneys' fees for the same period in the amount of **$74,276.76,** and costs in the amount of **$3,168.21.**

Combined with the unpaid balances from the Receiver's Third Interim Fee Application (excluding all holdbacks), the fees exceed the account balance of **$212,441.34** available for payment from the Receivership account.  Therefore, the Receiver requests that the Court approve payment of (1) the previously-submitted **Third Interim Fee Application** in the following

amounts (which already exclude the 20% holdback):[10] **$47,900 to pay Receiver's fees, $84,477.24 to pay attorney's fees, and $11,974.71 to pay expenses,** and (2) **one-half of the payment due pursuant to this <u>fourth fee application</u>** (after 20% reduction for the holdback, ½ of the payment due is $**60,332.49**) in the following amounts**: $21,610 in receiver's fees, $37,138.38 in attorney fees** ($29,054.40 to Ray Quinney & Nebeker plus $8,083.98 to Deiss Law), **and $1,584.11 in expenses** ($1,318.91 to Ray Quinney & Nebeker and $265.20 to Deiss Law).  Once such payment is made, $7,726.90 of the August 31, 2018 balance will remain in the receivership account.

The following tables provide a more detailed description of the fee requests submitted to the Court, amounts previously paid, the accumulating fee application and holdback balances, and the amount of payment the Receiver requests that the Court approve upon submission of this application.

| Receiver's Fees | | | | | | |
|---|---|---|---|---|---|---|
| Dates | Amount Billed | 20% Holdback | Amount Due | Amount Paid by Court Order | Balance Excluding Holdback | Accumulated Holdback Balance |
| 1/2017-6/2017 | $55,225.00 | $11,045.00 | $44,180.00 | | $44,180.00 | $11,045.00 |
| 1/2018 | | | | ($44,180) | 0 | $11,045.00 |
| 7/2017-12/2017 | $43,575.00 | $8,715.00 | $34,860.00 | | $34,860.00 | $19,760.00 |
| 1/2018-3/2018 | $59,875.00 | $11,975.00 | $47,900.00 | | $82,760.00 | $31,735.00 |
| 5/2018 | | | | ($34,860) | $47,900.00 | 31,735.00 |
| 4/2018-6/2018 | $54,025.00 | $10,805.00 | $43,220.00 | | **$91,120.00** | $42,540.00 |
| **Receiver Requests Immediate Permission to Pay** | | | | **($69,510)** | | |

[10] The 20% holdback amount has already been subtracted from the amounts identified in this request.

16

| Attorney's Fees | | | | | | |
|---|---|---|---|---|---|---|
| Dates | Amount Billed | 20% Holdback | Amount Due | Amount Paid by Court Order | Balance Excluding Holdback | Accumulated Holdback Balance |
| 1/2017-6/2017 | $147,030.00 | $29,406.00 | $117,624.00 | | $117,624.00 | $29,406.00 |
| 1/2018 | | | | ($117,624) | 0 | $29,406.00 |
| 7/2017-12/2017 | $36,990.00 | $7,398.00 | $29,592.00 | | $29,592.00 | $36,804.00 |
| 1/2018-3/2018 | $105,596.55 | $21,119.31 | $84,477.24 | | $114,069.24 | $57,318.81 |
| 5/2018 | | | | ($29,592.00) | $84,477.24 | $57,318.81 |
| 4/2018 6/2018 | $92,845.95 | $18,569.19 | $74,276.76 | | **$158,754** | $75,888.00 |
| **Receiver requests permission to pay** | | | | **($121,615.62)** | | |

| Expenses | | | | | | |
|---|---|---|---|---|---|---|
| Dates | Amount Billed | 20% Holdback | Amount Due | Amount Paid by Court Order | Balance Excluding Holdback | Accumulated Holdback Balance |
| 1/2017-6/2017 | $13,874.51 | $2774.90 | $11,099.61 | | $11,099.61 | $2,774.90 |
| 1/2018 | | | | ($11,099.61) | 0 | $2,774.90 |
| 7/2017-12/2017 | $7,978.80 | $1,595.76 | $6,383.04 | | $6,383.04 | $4,370.66 |
| 1/2018-3/2018 | $14,968.39 | $2,993.68 | $11,974.71 | | $18,357.75 | $7,364.34 |
| 5/2018 | | | | ($6,403.04) | $11,954.71 | $7,364.34 |
| 4/2018-6/2018 | $3,960.26 | $792.05 | $3,168.21 | | **$15,122.92** | $8,156.39 |
| **Receiver requests permission to pay** | | | | **($13,558.82)** | | |

### 9. Standardized Fund Accounting Report

The SEC's Standardized Fund Accounting Report ("SFAR") for April 1, 2018 until

August 31, 2018 is attached hereto as Exhibit A.

## III.    CERTIFICATION OF RECEIVER

I, Maria E. Windham, the Receiver and applicant hereby certify as follows:

(a) I have read the above Application;

(b) to the best of my knowledge, information and belief formed after reasonable inquiry, the above Application and all fees and expenses therein are true and accurate and comply with the Billing Instructions, except that I did not provide the Application to the SEC 30 days prior to the date the Application is due to be filed with the Court.

(c) all fees contained in the Application are based on the rates listed in the fee schedule included herein and such fees are reasonable;

(d) I have not included in the amount for which reimbursement is sought the amortization of the cost of any investment, equipment, or capital outlay (except to the extent that any such amortization is included within the permitted allowable amounts set forth herein for photocopies and facsimile transmission); and

(e) in seeking reimbursement for a service which the I justifiably purchased or contracted for from a third party (such as copying, imaging, bulk mail, messenger service, overnight courier, computerized research, or title and lien searches), I request reimbursement only for the amount billed to me by the third party vendor and paid by me to such vendor.  To the extent such services were performed by me, I certify I am not making a profit on such reimbursable service.

DATED this 19th day of September, 2018.


*/s/ Maria E. Windham*_____
By Maria E. Windham, Receiver

18

RESPECTFULLY SUBMITTED this 28th day of September, 2018.

RAY QUINNEY & NEBEKER P.C.


*/s/  Brittany J. Merrill*
Kristine M. Larsen
Jascha K. Clark
Brittany J. Merrill
*Attorneys for the Receiver, Maria E. Windham*

## CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of September, 2018, I caused a true and correct copy

of the foregoing **RECEIVER'S FOURTH INTERIM FEE APPLICATION FOR**

**SERVICES RENDERED FROM APRIL 1, 2018 THROUGH JUNE 30, 2018** to be filed

with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to

the following:

> Amy Oliver
> SECURITIES AND EXCHANGE COMMISSION
> 351 S WEST TEMPLE STE 6.100
> SALT LAKE CITY, UT 84101
> Email: olivera@sec.gov
>
> Cheryl M. Mori
> SECURITIES AND EXCHANGE COMMISSION
> 351 S WEST TEMPLE STE 6.100
> SALT LAKE CITY, UT 84101
> Email: moric@sec.gov
>
> Daniel J. Wadley
> SECURITIES AND EXCHANGE COMMISSION
> 351 S WEST TEMPLE STE 6.100
> SALT LAKE CITY, UT 84101
> Email: wadleyd@sec.gov
>
> Matthew R. Howell
> FILLMORE SPENCER LLC
> 3301 N UNIVERSITY AVE
> PROVO, UT 84604
> Email: mhowell@fslaw.com
>
> Justin D. Heideman
> HEIDEMAN & ASSOCIATES
> 2696 N UNIVERSITY AVE STE 180
> PROVO, UT 84604
> Email: jheideman@heidlaw.com

1

Armand J. Howell
HALLIDAY WATKINS & MANN PC
376 E 400 S STE 300
SALT LAKE CITY, UT 84111
Email: armand@hwmlawfirm.com

Robert K. Hunt
robert_hunt@fd.org

And via email on the following non-CM/ECF participant:

Richard Clatfelter
rick@rickclatfelter.com
Pro Se


*/s/  Ashley Rollins*

**Index of Exhibits**

Exhibit A:    SEC's Standardized Fund Accounting Report ("SFAR") for the period from April 1, 2018 to August 31, 2018.

Exhibit B:    Fees for services rendered by the Receiver and counsel at the law firm of Ray Quinney & Nebeker and by counsel at the law firm of Deiss Law during the reporting period from April 1, 2018 through June 30, 2018 **FILED UNDER SEAL**

Exhibit C:    Expenses paid by the law firm of Ray Quinney & Nebeker from April 1, 2018 through June 30, 2018

1465772