Kristine M. Larsen (9228)
Jascha K. Clark (16019)
Brittany J. Merrill (16104)
**RAY QUINNEY & NEBEKER P.C.**
36 South State Street, 14th Floor
P.O. Box 45385
Salt Lake City, Utah  84145-0385
Telephone:  (801) 532-1500
Facsimile: (801) 532-7543
E-mail:  klarsen@rqn.com
E-mail: jclark@rqn.com
E-mail: bmerrill@rqn.com

*Attorneys for Receiver, Maria E. Windham*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>     Plaintiff,<br><br> vs.<br><br>MARQUIS PROPERTIES, LLC, a Utah Limited Liability Company, CHARD DEUCHER, an individual, and RICHARD CLATFELTER, an individual,<br><br>    Defendants,<br><br>JESSICA DEUCHER, an individual,<br><br>    Relief Defendant<br><br>  And<br><br>HODGES HOLDING, LLC, and U.S. BANK NATIONAL ASSOCIATION,<br><br>    Intervenors. | **RECEIVER'S FIFTH INTERIM FEE APPLICATION FOR SERVICES RENDERED FROM JULY 1, 2018 THROUGH SEPTEMBER 30, 2018**<br><br><br>Case No. 2:16-cv-00040-JNP<br><br>Judge: Hon. Jill N. Parrish |

Maria E. Windham, the Court-appointed receiver (the "Receiver"), acting through counsel Ray Quinney & Nebeker, P.C., respectfully submits this Receiver's Fifth Interim Fee Application for Services Rendered from July 1, 2018 through September 30, 2018 and requests that the court (1) approve the Receiver's fees, Attorney Fees, and expenses identified in this **Fifth Interim Fee Application**, and (2) authorize full payment of the Receiver's *pending* **Third Interim Fee Application** filed May 29, 2018 plus full payment of Receiver's *pending* **Fourth Interim Fee Application** filed September 28, 2018 from the Receivership Account, as described in detail below.  The Fifth Interim Fee Application should be approved for later payment upon receipt of sufficient settlement funds into the Receivership Account.

## I.      BACKGROUND REGARDING APPLICATION

On January 19, 2016, the Securities and Exchange Commission ("SEC") filed suit against Chad Deucher ("Deucher") and Marquis Properties, LLC ("Marquis Properties") (collectively, the "Defendants") and others, alleging Defendants were involved in an "ongoing offering fraud and Ponzi scheme."  On the motion of the SEC, the Court entered an asset freeze on January 20, 2016 (the "Asset Freeze Order") that required that all assets and books and records of the Defendants be preserved and frozen from further disposition.

During the proceedings in this case, it became evident that appointment of a receiver was necessary, even though the Defendants' Accounting and preliminary investigation by the SEC suggested there were few assets remaining in Defendants' possession.  (*See, e.g.*, Dkt. No 34.)  On January 18, 2017, almost a year after the Court's entry of the Asset Freeze Order, the Court entered the Order appointing Maria E. Windham, a lawyer and partner at the law firm Ray Quinney & Nebeker P.C., as Receiver (the "Receivership Order").  As Receiver, Ms. Windham

is ordered to marshal and preserve certain assets of the Defendants that were frozen by the January 20 Asset Freeze Order, plus all additional recoverable assets, which are defined as "assets of any other entities or individuals that: (a) are attributable to funds derived from investors or clients of the Defendants; (b) are held in constructive trust for the Defendants; and/or (c) were fraudulently transferred by the Defendants" (the "Receivership Estate").  (*See* Receivership Order, Dkt. No. 110, at 1-2; Amended Order, Dkt. No. 182.)

The Court approved lawyers at the law firm of Ray Quinney & Nebeker to act as Counsel to the Receiver, (Dkt. No. 117), and Deiss Law to act as conflicts counsel (Dkt. No. 200).  The law firm of Ray Quinney & Nebeker reduced the rate ordinarily charged by Ms. Windham to $250/hr., and has charged the services of all counsel at a unified rate of $285/hr.  These rates reflect significant discounts from the rates regularly charged by the partners who have performed services as Receiver and counsel to the Receiver.  Ray Quinney and Nebeker also reduced the rate charged for paralegal services to $135/hr. and provided other discounts and complied with limitations on billing as set forth in the Billing Instructions for Receivers in Civil Actions Commenced by the U.S. Securities and Exchange Commission.  Moreover, Ray Quinney & Nebeker and the partners working on the case, including the Receiver, have undertaken substantial costs and risk of nonpayment for the benefit of the receivership estate while there are insufficient liquid assets in the bank accounts by fronting expenses and investing the Receiver's time and counsel's time required to manage a complex receivership and work to prevent continuation of the fraud.  Despite this risk, Ray Quinney & Nebeker has not charged a contingency fee or otherwise increased its rates to reflect the risk of nonpayment.  Deiss Law has also charged the same unified rates as Ray Quinney & Nebeker and undertaken risk of

nonpayment for the benefit of the receivership estate without charging a contingency fee or otherwise increasing its rates to reflect risk of nonpayment.

This fee application covers work by the Receiver and her counsel at the law firms of Ray Quinney & Nebeker, P.C. and Deiss Law performed during the three month period from July 1, 2018 through September 30, 2018.  During this time period, the receivership benefited from the Receiver's consultation at substantially reduced rates with her lead counsel, Kristine Larsen, and with a variety of legal specialists, as necessary.  For example, the Receiver consulted with the following additional partners of Ray Quinney and Nebeker concerning matters in their expertise: Justin Toth, a senior litigation partner with significant experience in document collection and preservation issues, and Jamie Sorenson, a partner with experience in collection of default judgments.  In addition, administrative professionals provided extensive and valuable assistance to the Receiver without charge.  From July 1, 2018 through September 30, 2018, the following professionals at Ray Quinney & Nebeker performed services for the Receivership Estate at the identified rates:

- Receiver @ $250/hr.

    o   Maria E. Windham

- Counsel for the Receiver @ 285/hr.

    o   Kristine Larsen
    o   Justin T. Toth
    o   Jamie A. Sorenson
    o   Whitney H. Krogue
    o   Jascha K. Clark
    o   Brittany J. Merrill

- Paralegal @ $135/hr.

    o   Susan Seder

     o  Troy Mollerup[1]

Additionally, from July 1, 2018 through September 30, 2018, the following professionals at Deiss Law performed services for the Receivership Estate under an agreement to charge the identified rates:

- Counsel for the Receiver @ $285/hr.

    o  Wes Felix
    o  Matt Kaufmann
    o  Corey Riley

- Paralegal @ $135/hr.

    o  Zach Abend

## II.    CASE STATUS

It is well-established that the Defendants operated a Ponzi scheme.  In 2016, Deucher was criminally indicted for the federal crime of securities fraud.  Deucher executed a Statement by Defendant in Advance of Plea of Guilty and Plea Agreement in his federal criminal case, which was accepted by the Court, on April 19, 2017.  As part of the factual statement in support of his guilty plea, Deucher admitted that "beginning in and around March of 2010 and continuing to around February of 2016," he "solicited approximately 170 investors to invest approximately $16,000,000 in various real-estate based securities offerings secured with promissory notes." *United States v. Deucher*, Case No. 2:16-CR-189-DN, Dkt. No. 50 (Statement of Defendant in Advance of Plea of Guilty and Plea Agreement Pursuant to Fed. R. Crim. P. 11(c)(1)(C) Report dated April 19, 2017.)  Deucher further admitted that "in relation to those investments, without

---

[1] Troy Mollerup is a Ray Quinney & Nebeker staff attorney who specializes in ESI collection, processing, and review.  His assistance on this matter regarding collection and processing of ESI has been reduced to the $135/hr paralegal rate for this case.

authority or knowledge of the investors, I used investor funds to pay other investors and I used the money for my own personal benefit and living expenses." (*Id.*)

As described in detail in the Receiver's status reports to date, the Receiver has not been able to locate significant liquid or physical assets in the Receivership Defendants' possession with which to pay the costs of the receivership. However, the Receiver believes the receivership estate has legal claims of significant value against certain third parties who received fraudulent transfers from Marquis Properties. The Receiver's claims include more than $1 Million in claims for return of unlawful commissions paid to the transferees. The Receiver anticipates that payment of receivership expenses and any return to investors will be paid through resolution of her legal claims against the various transferees who received fraudulent transfers or otherwise harmed the Receivership estate.

As described in the Receiver's status reports filed to date, the Receiver is currently pursuing her claims against various transferees through negotiation and, if necessary, through litigation. On October 12, 2018, Receiver filed under seal her Fourth Ex parte Motion for Approval of Settlement Agreements, in which she requested court approval of settlement agreements that, combined, will require the settling defendants to pay an additional $100,000 in settlement payments to the Receiver. (Dkt No. 253). That motion is currently pending before this Court.

As of October 31, 2018, a total of $479,766.08 in settlement payments had been deposited in the Receivership account, and the Receiver had disbursed court-approved payments of professional fees and expenses out of the Receivership Account totaling $243,758.65. Attached hereto as "Exhibit A" is a copy of the SEC's Standardized Fund Accounting Report

("SFAR") for the period from July 1, 2018 to October 31, 2018, which provides detail concerning the deposit of settlement funds, payment of fees and expenses, and other transactions in the Receivership Account.  The Receiver's Third Interim Fee Application and Fourth Interim Fee Application are pending before this Court.

### 1. Fees of Receiver and Counsel

The fees for services rendered by the Receiver and by counsel at the law firm of Ray Quinney & Nebeker and Deiss Law during the period from July 1, 2018 through September 30, 2018 are detailed in the invoices attached hereto as "Exhibit B."[2]  The majority of the fees incurred by the Receivership Estate were incurred for negotiation and litigation of the Receiver's claims by the Receiver and her counsel.  In particular, the Receiver and her counsel spent significant time researching and drafting Court-ordered supplemental briefing in the *Windham v. Allen* case concerning the Receiver's standing to recover on her fraudulent transfer cause of action.  The Receiver and her counsel devoted significant time to this supplemental briefing because the potential impact of a decision on federal equity receiverships filed in federal district court in Utah.

In consideration of these services, the Receiver requests the Court approve the fees for the services performed by the Receiver from July 1, 2018 through September 30, 2018 in the amount of **$21,475**.[3]  The Receiver further requests that the Court approve fees for services

---

[2] The Receiver is filing herewith a motion to seal the contents of the billing statements identified in Exhibit B. Pending the ruling on that Motion, Exhibit B is redacted from the publicly filed document.
[3] The attached bills are separated into bills for this case and for each piece of ancillary litigation. This number is the sum of all of the Receiver's fees during the relevant period from this case ($4,475), *Windham v. Allen* ($12,050), *Windham v. Corey* ($775.00), *Windham v. Norville* ($1,050.00), *Windham v. Ringer* ($0), *Windham v. Shults* ($0), *Windham v. Snyder* ($0), *Windham v. Hill* ($300.00), and *Windham v. Deucher* ($2,825.00).

performed by counsel during the same period in the amount of **$65,288.25** ($**56,491.50**[4] in attorney fees for services of Ray Quinney & Nebeker and $**8,796.75**[5] in attorney fees for services of Deiss Law).  Excluding the 20% holdback the Court applies to fee awards, the Receiver requests that the Court approve the Receiver's fees for the period from July 1, 2018 through September 30, 2018 in the amount of **$17,180**, and attorneys' fees for the same period in the amount of **$52,470.60** ($**45,433.20** to Ray Quinney & Nebeker, PC, and $**7,037.40** to Deiss Law).

### 2.  Administrative Expenses

Throughout the Receiver's administration of the Receivership Estate, the Receiver has been sensitive to the lack of liquid assets.  Nonetheless, it was necessary for the Receiver and her counsel to pay certain costs and expenses to carry out the Receiver's duties.  In this Fifth Interim Fee Application, the Receiver therefore seeks reimbursement of the expenses identified in the attached Exhibit "C", incurred between July 1, 2018 through September 30, 2018.  These expenses include fees for service of Complaints and subpoenas.  The sum of the expenses paid by the law firm of Ray Quinney & Nebeker from July 1, 2018 through September 30, 2018, for which the Receiver seeks reimbursement equals $**2,337.20**.  The sum of the expenses paid by Deiss Law from July 1, 2018 through September 30, 2018 for which the Receiver seeks reimbursement equals **$0**.  In total, the Receiver requests that the Court approve reimbursement of expenses paid by counsel during the same period in the amount of **$2,337.20**.  If the Court

---

[4]This number is the sum of all of the fees charged by the Receiver's counsel at Ray Quinney & Nebeker during the relevant period for this case ($8,893.50), *Windham v. Allen* ($28,944.00), *Windham v. Corey* ($2,635.50), *Windham v. Norville* ($3,108.00), *Windham v. Ringer* ($27.00), *Windham v. Shults* ($3,829.50), *Windham v. Snyder* ($424.50), *Windham v. Hill* ($1,317.00), and *Windham v. Deucher* ($7,612.50).

[5] This number is the sum of all of the fees charged by the Receiver's counsel at Deiss Law during the relevant period for this case ($313.50), *Windham v. Boyd* ($4,039.50), *In re Jonathan Eborn* ($1,558.50), *Windham v. Real Estate* ($774.00), *Windham v. Zurixx* ($2,111.25)

applies a 20% hold back to expenses, the Court should approve reimbursement of **$1,869.76** of expenses incurred between July 1, 2018 through September 30, 2018 (**$1,869.76** to Ray Quinney & Nebeker and $**0** to Deiss Law).

### 3.  Amount of Unencumbered Funds

Funds in the Receivership Account as of October 31, 2018 amount to $240,800.63.  The unpaid Receiver's fees, attorneys' fees and expenses incurred through October 31, 2018 to administer the Receivership presently exceed the funds recovered into the receivership account.

### 4.  Summary of Administration of Funds

Between the last report of funds through August 31, 2018 and October 31, 2018, the Receiver collected an additional $28,359.29 into the receivership account having a previous balance of $212,441.34.  Between August 31, 2018 and October 31, 2018, the Receiver did not make any payments out of the Receivership Account.  The balance in the receivership estate account on October 31, 2018 was **$240,800.63**.  The Court has not ruled on the Receiver's Third Interim Fee Application (Dkt No. 234), the Receiver's Fourth Interim Fee Application (Dkt. No. 249), or the Receiver's Fourth Ex Parte Motion for Approval of Settlement Agreements (Dkt. No. 253).  The Receiver and her counsel have received no payment for the fees and expenses she and her counsel have incurred to administer the Receivership Estate from January 2018 to October 31, 2018.

### 5.  Summary of Creditor Claims Proceedings

The Receiver has not requested and the Court has not ordered creditor claims proceedings to begin.  The Receiver will seek the Court's permission to institute creditor claims proceedings when she has collected assets sufficient to cover the costs of collecting settlements and

administering a claims process, which the Receiver has estimated will be triggered when (and if) the Receiver's recoveries add up to $1,000,000.  Upon this Court's approval of the Receiver's Fourth Ex Parte Motion for Approval of settlement agreements, her settlements to date amount to almost $640,000 in expected payments.

**6.  Description of Receivership Estate Assets**

- The Receiver has determined that the most valuable assets of the Receivership Estate are voidable transfer/fraudulent transfer claims and other claims against third persons.  At the beginning of 2018, the Receiver filed litigation and/or entered into tolling agreements regarding $5 million to $6 million in claims against third parties.  By October 31, 2018 the Receiver settled with multiple defendants for a total of $638,398.78. As of that date, she had received $479,766.08 of the liquidated payments promised pursuant to the presently existing settlement agreements into the receivership account.  She expects to receive the following additional monthly payments pursuant to these currently-existing settlement agreements, assuming the Court approves the pending Fourth Ex Parte Application for Approval of Settlement Agreements:

| Month Due | Payments Due by Month |
|---|---|
| 11/2018 | $48,740.55 |
| 12/2018 | $23,240.55 |
| 1/2019 | $8,240.55 |
| 2/2019 | $8,740.55 |
| 3/2019 | $11,240.55 |
| 4/2019 | $5615.55 |
| 5/2019 | $5615.55 |
| 6/2019 | $8115.55 |
| 7/2019 | $2555.55 |
| 8/2019 | $22,305.55 |
| 9/2019 | $4805.55 |
| 10/2019 | $2305.55 |
| 11/2019 | $2305.55 |
| 12/2019 | $4805.55 |
| **Total:** | **$158,632.70** |

- The Receiver has confirmed that several Lear Jets identified by the Defendants as assets of the Receivership Estate held in the name of Marquis Air, LLC were transferred away or repossessed prior to appointment of the Receiver.

10

- The Receiver has identified and investigated the value of distressed real properties that remained within the Receivership Estate at the time of the appointment of the Receiver.  She concluded that none of the real property assets that remained in the receivership estate are of sufficient value to provide a meaningful recovery to the Receivership Estate, and they present significant liabilities.  Therefore, the Receiver abandoned the properties with Court approval. After filing her abandonment motion, the Receiver identified one additional bare lot in Marquis Properties' possession that will cost more to sell or to abandon than the value of the property, which is estimated to be approximately $500.  The Receiver was recently notified that this property is subject to an imminent tax sale.  Accordingly, the Receiver does not presently intend to file a motion to abandon that single low-value lot and to allow the tax sale process to proceed.

- Only a few items of personal property are believed to remain in the Receivership Estate.  The Receiver discovered evidence that personal property previously disclosed by the Defendants was auctioned or pawned in violation of the Court's Asset Freeze Order from January 16, 2016 through December 2017.  Recently, a fake Rolex watch was physically returned to the Receiver by a recipient of fraudulent transfers.  That watch is held in the Receiver's offices. The Receiver is also aware of a handgun that was fraudulently transferred to a transferee.  She instructed the transferee to hold it in safekeeping as a frozen asset until receipt of further directions from the Receiver.

- On October 27, 2017, the Receiver deposited into the receivership account the proceeds of her liquidation of the contents of a storage shed belonging to Marquis Enterprises' prior land lord, Steve Black.  The Receiver and Mr. Black previously agreed that, although they had competing claims to the assets, they would preserve the value of the furnishings kept in the storage shed from mounting storage fees by liquidating those assets prior to resolution of their dispute.  Therefore, the proceeds of the liquidation (performed by Statewide Auction Company) equaling $6,034.72 were retained by the Receiver and deposited into the receivership account subject to resolution of the Receiver's ongoing negotiations with Mr. Black regarding his claim to the same furnishings.  The Receiver has now resolved that negotiation, pursuant to which she returned $1,206.94 of the proceeds by check made out from the receivership account to Mr. Black.

**7.  Description of Unliquidated Claims**

Through the last quarter of 2017 and the first three quarters of 2018, the Receiver

investigated and asserted approximately 100 demands for repayment of fraudulent transfers.  In

response, many of the transferees entered into tolling agreements to allow time for the Receiver

to obtain evidence of any defenses raised by the transferees, including any assertions of inability

to pay a judgment, and then to negotiate with the transferees concerning settlement.  The

Receiver initially obtained tolling agreements on more than $2 million dollars in claims.  By

October 31, 2018, the Receiver had filed ten lawsuits.  These lawsuits are identified in the chart

below, together with the amount of damages initially claimed:

| Case | Minimum Damages Claimed |
|---|---|
| *Windham v. Allen, et al.*, 2:18-cv-00054-JNP | $1,064,281 |
| *Windham v. Corey, et al.*, 2:18-cv-00065-EJF | $614,831 |
| *Windham v. Norville, et al.*, 2:18-cv-00057-EJF | $1,061,175 |
| *Windham v. Ringer, et al.*, 2:18-cv-00060-BCW | $121,320 |
| *Windham v. Shults, et al.*, 2:18-cv-00062-PMW | $300,000 |
| *Windham v. Snyder, et al.*, 2:18-cv-00063-BCW | $200,000 |
| *Windham v. Real Estate Investor Support, LLC, et al.* 2:18-cv-00059-BCW | $108,700 |
| *Windham v. Zurixx, LLC, et al.* 2:18-cv-00056-BCW | $214,500 |
| *Windham v. Hill* 2:18-cv-00317-PMW | $27,000 |
| *Windham v. Deucher, et al.* 2:18-cv-00428-TS-PMW | $760,325 |

Depending upon continuing pre-filing settlement negotiations with several persons who

have signed tolling agreements, the Receiver anticipates that during the fourth quarter of 2018

she may file one or more additional lawsuits.

By October 31, 2018, the Receiver also obtained default judgments or filed pending

motions for default judgment against the following individuals in the following amounts:

| Defendant(s) | Judgment Requested | Reference |
|---|---|---|
| Dawn Powers | $1,183.21 | *Windham v. Shults*, Dkt. 71 (judgment entered) |
| Steve Wollaston & Darcy Wollaston | $23,411.05 | *Windham v. Deucher*, Dkt. 41 (judgment entered) |

| Gordon L. Bolster & GLB Investments | $113,114.15 | *Windham v. Shults*, Dkt. 72[6] |
| Shults entity defendants | $23,593.67 | *Windham v. Shults*, Dkt. 73 |
| Erik Emil Thomsen | $197,499.48 | *Windham v. Allen*, Dkt. 139 |
| Brian M. Christensen & Renewable Rentals | $38,781.24 | *Windham v. Allen*, Dkt. 140 |
| Judd Levi Simpson | $23,956.40 | *Windham v. Allen*, Dkt. 134 |
| Ryan Farr | 48,911.91 | *Windham v. Allen*, Dkt. 168 |
| Garrett Deucher & Anne Deucher | $300,000.00 | Bankruptcy of Garrett and Anne Deucher[7] |
| Total: | **$770,451.11** | |

The Receiver's analysis of collection opportunities with respect to these judgments is ongoing.

By October 31, 2018, the Receiver has also resolved her claims with respect to some of the defendants referenced in the above-referenced litigation.  The case *Windham v. Ringer* has been dismissed after the defendants paid the agreed upon settlement.  The case *Windham v. Hill* has been settled and will be dismissed if the defendant pays promised consideration.  The case *Windham v. Snyder* is stayed by order of the Court pending collateral criminal action against the Snyder defendants.  Unless Gordon L. Bolster succeeds in his pending motion to set aside default, the case *Windham v. Shults* will be fully resolved by the entry of default judgments.

In the Receiver's Third Interim Fee Application, the Receiver estimated that the total value of claims asserted by the Receiver is equal to $4 million or $5 million in claims against transferees.  However, the Receiver cannot at the present date give an accurate prediction of the value the Receiver will be able to collect via litigation or settlement.  The Court has previously

---

[6] Mr. Bolster subsequently filed a motion to set aside default, which is opposed by Receiver. *Windham v. Shults*, Dkt. 75-76.
[7] Garrett Deucher and Anne Deucher agreed to settle the Receiver's claims against them by consenting to entry of a $300,000 unsecured claim in the Deuchers' bankruptcy case.

approved settlement with certain transferees based on ability to pay where transferees have

provided rigorous financial disclosures and sworn declarations concerning their financial means.

The collectability of default judgments is also uncertain.

**8.  Current and Previous Billings**

This is the fourth fee application submitted by the Receiver to the Court.  The total fees

billed for the period from July 1, 2018 through September 30, 2018 for the Receiver and for

counsel for the Receiver are broken down by timekeeper as follows:

| Person Billing | Hourly Rate | Hours Billed | Total Fees Billed 4/1/2018-6/30/2018 |
|---|---|---|---|
| **Receiver** | | | |
| Maria E. Windham | $250 | 85.9 | $21,475.00 |
| **RQN Attorney Fees** | | | |
| Kristine M. Larsen | $285 | 3.5 | $997.50 |
| Justin T. Toth | $285 | 1.2 | $342.00 |
| Jamie A. Sorenson | $285 | 0.3 | $85.50 |
| Jascha K. Clark | $285 | 38.3 | $10,915.50 |
| Brit Merrill | $285 | 130.5 | $37,192.50 |
| Whitney Hulet Krogue | $285 | 1.3 | $370.50 |
| Troy Mollerup | $135 | 2.4 | $324.00 |
| Susan Seder | $135 | 46.4 | $6,264.00 |
| | **Subtotal** | **223.9** | **$56,491.50** |
| **Deiss Law Attorney Fees** | | | |
| Wess Felix | $285 | 1.8 | $513.00 |
| Matthew Kaufmann | $285 | 24.7 | $7,039.50 |
| Corey Riley | $285 | 2.2 | $495.00 |
| Zach Abend (paralegal) | $135 | 5.55 | $749.25 |
| | **Subtotal** | **34.25** | **$8,796.75** |
| **Total – Receiver's Fees** | | **85.9** | **$21,475.00** |
| **Total  - Attorneys' Fees** | | **309.8** | **$65,288.25** |
| **Total – Expenses (RQN:** $2,337.20 **+ Deiss Law:  $0)** | | | **$2,337.20** |
| **Total Billing 7/1/18-9/30/18** | | **395.7** | **$89,100.45** |

Excluding the 20% holdback the Court applies to fees, the Court should approve the Receiver's fees for the period from July 1, 2018 through September 30, 2018 in the amount of $**17,180.00** attorneys' fees for the same period in the amount of **$52,230.60** and costs in the amount of $**1,869.76**

Combined with the unpaid requested payments from the Receiver's Third Interim Fee Application ($144,351.95 after 20% holdback) and Fourth Interim Fee Application ($120,664.97 after 20% holdback) the fees requested in this Fifth Interim Fee Application ($71,280.36 after 20% holdback) exceed the account balance of **$240,800.63** available for payment from the Receivership account.  Therefore, the Receiver makes the following requests:

(1) that the Court approve immediate payment of the previously-submitted **<u>Third Interim Fee Application</u>** in the following amounts (which already exclude the 20% holdback): **$47,900 to pay Receiver's fees, $84,477.24 to pay attorney's fees, and $11,974.71 to pay expenses;**

(2) that the Court grant the pending motion to approve settlement agreement, which requires, among other payments, that certain defendants pay $40,000 within three days of settlement approval;

(3) that the Court approve the Receiver's payment of the full **<u>Fourth Interim Fee Application</u>**, upon receipt of the $40,000 payment, in the following amounts**: $43,220 in receiver's fees, $74,276.76 in attorney fees** ($58,108.80 to Ray Quinney & Nebeker plus $16,167.96 to Deiss Law), **and $3,168.21 in expenses** ($2,637.81 to Ray Quinney & Nebeker and $530.40 to Deiss Law).

(4) that the Court approve the Receiver's Fifth Fee Application, but order that *the Receiver will request permission to make payment on the instant **Fifth Fee Application** when sufficient additional funds are received into the Receivership Account*.

The following tables provide a more detailed description of the fee requests submitted to the Court, amounts previously paid, the accumulating fee application and holdback balances, and the amount of payment the Receiver requests that the Court approve upon submission of this application.

| Receiver's Fees | | | | | | |
|---|---|---|---|---|---|---|
| Dates | Amount Billed | 20% Holdback | Amount Due | Amount Paid by Court Order | Balance Excluding Holdback | Accumulated Holdback Balance |
| 1/2017-6/2017 | $55,225.00 | $11,045.00 | $44,180.00 | | $44,180.00 | $11,045.00 |
| 1/2018 | | | | ($44,180) (1st Fee Application) | 0 | $11,045.00 |
| 7/2017-12/2017 | $43,575.00 | $8,715.00 | $34,860.00 | | $34,860.00 | $19,760.00 |
| 1/2018-3/2018 | $59,875.00 | $11,975.00 | $47,900.00 | | $82,760.00 | $31,735.00 |
| 5/2018 | | | | ($34,860) (2nd Fee Application) | $47,900.00 | $31,735.00 |
| 4/2018-6/2018 | $54,025.00 | $10,805.00 | $43,220.00 | | $91,120.00 | $42,540.00 |
| 7/2018-9/2018 | $21,475.00 | $4,295.00 | $17,180.00 | | **$108,300.00** | $46,835.00 |
| Payment requested in 11/2018: **$91,120.00** (3rd and 4th Fee Applications) | | | | | | |

| Attorney's Fees | | | | | | |
|---|---|---|---|---|---|---|
| Dates | Amount Billed | 20% Holdback | Amount Due | Amount Paid by Court Order | Balance Excluding Holdback | Accumulated Holdback Balance |

| Dates | Amount Billed | 20% Holdback | Amount Due | Amount Paid by Court Order | Balance Excluding Holdback | Accumulated Holdback Balance |
|---|---|---|---|---|---|---|
| 1/2017-6/2017 | $147,030.00 | $29,406.00 | $117,624.00 | | $117,624.00 | $29,406.00 |
| 1/2018 | | | | ($117,624) (1st Fee Application) | 0 | $29,406.00 |
| 7/2017-12/2017 | $36,990.00 | $7,398.00 | $29,592.00 | | $29,592.00 | $36,804.00 |
| 1/2018-3/2018 | $105,596.55 | $21,119.31 | $84,477.24 | | $114,069.24 | $57,318.81 |
| 5/2018 | | | | ($29,592.00) (2nd Fee Application) | $84,477.24 | $57,318.81 |
| 4/2018-6/2018 | $92,845.95 | $18,569.19 | $74,276.76 | | $158,754.00 | $75,888.00 |
| 7/2018-9/2018 | $65,288.25 | $13,057.65 | $52,230.60 | | **$210,984.60** | $88,945.65 |
| Payment requested in 11/2018: **$158,754.00** (3rd and 4th Fee Applications) | | | | | | |

| Expenses | | | | | | |
|---|---|---|---|---|---|---|
| Dates | Amount Billed | 20% Holdback | Amount Due | Amount Paid by Court Order | Balance Excluding Holdback | Accumulated Holdback Balance |
| 1/2017-6/2017 | $13,874.51 | $2774.90 | $11,099.61 | | $11,099.61 | $2,774.90 |
| 1/2018 | | | | ($11,099.61) (1st Fee Application) | 0 | $2,774.90 |
| 7/2017-12/2017 | $7,978.80 | $1,595.76 | $6,383.04 | | $6,383.04 | $4,370.66 |
| 1/2018-3/2018 | $14,968.39 | $2,993.68 | $11,974.71 | | $18,357.75 | $7,364.34 |
| 5/2018 | | | | ($6,403.04) (2nd Fee Application) | $11,954.71 | $7,364.34 |
| 4/2018-6/2018 | $3,960.26 | $792.05 | $3,168.21 | | $15,122.92 | $8,156.39 |
| 7/2018-9/2018 | $2,337.20 | $467.44 | $1,869.76 | | **$16,992.68** | $10,026.15 |
| Payment requested in 11/2018: **$15,122.92** (3rd and 4th Fee Applications) | | | | | | |

**9. Standardized Fund Accounting Report**

The SEC's Standardized Fund Accounting Report ("SFAR") for August 31, 2018 until October 31, 2018 is attached hereto as Exhibit A.

**III.   CERTIFICATION OF RECEIVER**

I, Maria E. Windham, the Receiver and applicant hereby certify as follows:

(a) I have read the above Application;

(b) to the best of my knowledge, information and belief formed after reasonable inquiry, the above Application and all fees and expenses therein are true and accurate and comply with the Billing Instructions, except that I did not provide the Application to the SEC 30 days prior to the date the Application is due to be filed with the Court.

(c) all fees contained in the Application are based on the rates listed in the fee schedule included herein and such fees are reasonable;

(d) I have not included in the amount for which reimbursement is sought the amortization of the cost of any investment, equipment, or capital outlay (except to the extent that any such amortization is included within the permitted allowable amounts set forth herein for photocopies and facsimile transmission); and

(e) in seeking reimbursement for a service which the I justifiably purchased or contracted for from a third party (such as copying, imaging, bulk mail, messenger service, overnight courier, computerized research, or title and lien searches), I request reimbursement only for the amount billed to me by the third party vendor and paid by me to such vendor.  To the extent such services were performed by me, I certify I am not making a profit on such reimbursable service.

DATED this 10th day of November, 2018.


*/s/ Maria E. Windham*
By Maria E. Windham, Receiver


RESPECTFULLY SUBMITTED this 21st day of November, 2018.

RAY QUINNEY & NEBEKER P.C.


*/s/  Brittany J. Merrill*
Kristine M. Larsen
Jascha K. Clark
Brittany J. Merrill
*Attorneys for the Receiver, Maria E. Windham*

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of November, 2018, I caused a true and correct copy

of the foregoing **RECEIVER'S FIFTH INTERIM FEE APPLICATION FOR SERVICES**

**RENDERED FROM JULY 1, 2018 THROUGH SEPTEMBER 30, 2018** to be filed with the

Clerk of the Court using the CM/ECF system, which sent notification of such filing to the

following:

Amy Oliver
SECURITIES AND EXCHANGE COMMISSION
351 S WEST TEMPLE STE 6.100
SALT LAKE CITY, UT 84101
Email: olivera@sec.gov

Cheryl M. Mori
SECURITIES AND EXCHANGE COMMISSION
351 S WEST TEMPLE STE 6.100
SALT LAKE CITY, UT 84101
Email: moric@sec.gov

Daniel J. Wadley
SECURITIES AND EXCHANGE COMMISSION
351 S WEST TEMPLE STE 6.100
SALT LAKE CITY, UT 84101
Email: wadleyd@sec.gov

Matthew R. Howell
FILLMORE SPENCER LLC
3301 N UNIVERSITY AVE
PROVO, UT 84604
Email: mhowell@fslaw.com

Justin D. Heideman
HEIDEMAN & ASSOCIATES
2696 N UNIVERSITY AVE STE 180
PROVO, UT 84604
Email: jheideman@heidlaw.com

1

Armand J. Howell
HALLIDAY WATKINS & MANN PC
376 E 400 S STE 300
SALT LAKE CITY, UT 84111
Email: armand@hwmlawfirm.com

Robert K. Hunt
robert_hunt@fd.org

And via email on the following non-CM/ECF participant:

Richard Clatfelter
rick@rickclatfelter.com
Pro Se

*/s/  Ashley Rollins*

**Index of Exhibits**

Exhibit A:    SEC's Standardized Fund Accounting Report ("SFAR") for the period from September 1, 2018 to October 31, 2018.

Exhibit B:    Fees for services rendered by the Receiver and counsel at the law firm of Ray Quinney & Nebeker and by counsel at the law firm of Deiss Law during the reporting period from July 1, 2018 through September 30, 2018 **FILED UNDER SEAL**

Exhibit C:    Expenses paid by the law firm of Ray Quinney & Nebeker from July 1, 2018 through September 30, 2018

1471462