IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>PLAINTIFF,<br><br>v.<br><br>MARQUIS PROPERTIES, LLC, CHAD DEUCHER, and RICHARD CLATFELTER,<br><br>DEFENDANTS. | Case No.: 2:16-cv-00040-JNP<br><br>**FINAL JUDGMENT AS TO MARQUIS PROPERTIES, LLC**<br><br>Judge: Jill N. Parrish |

The Securities and Exchange Commission having filed a Complaint and Defendant Marquis Properties, LLC ("Marquis Properties" or "Defendant") having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from, directly or indirectly, including, but not limited to,

through any entity owned or controlled by Defendant, participating in the issuance, purchase, offer, or sale of any security;

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is jointly and severally liable, with Defendants Chad Deucher and Richard Clatfelter, for disgorgement of $17,793,401.00, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $160,102.21 for a total amount of $17,953,503.21.  The Court-Appointed Receiver shall, pursuant to court order, liquidate and convert into money all assets belonging to the Defendant.  To facilitate the Receiver's identification, marshaling and liquidation of assets of all Defendants, the Order Appointing Receiver ("Docket No. 110") and all extensions and amendments of that Order, imposed pursuant to stipulation, Court order or otherwise, shall remain effective until further order of the Court.  Upon submission of the final accounting prepared by the Receiver and approved by the Court, any disgorgement and/or prejudgment interest not collected at the conclusion of the Receivership shall be waived as to Marquis Properties only.  The waiver does not apply to Defendants Chad Deucher's or Richard Clatfelter's obligations to disgorge funds pursuant to any Final Judgments entered against them.

The Court shall retain jurisdiction over the administration of any distribution of the funds.

III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant shall not pay a civil penalty pursuant to Section 20(d) of the Securities Act of 1933 and Section 21(d)(3) of the Securities Exchange Act of 1934.

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated:  March 7, 2019

_____
JUDGE JILL N. PARRISH
UNITED STATES DISTRICT JUDGE