Kristine M. Larsen (9228)
Jascha K. Clark (16019)
Aaron C. Hinton (16840)
**RAY QUINNEY & NEBEKER P.C.**
36 South State Street, 14th Floor
P.O. Box 45385
Salt Lake City, Utah  84145-0385
Telephone:  (801) 532-1500
Facsimile: (801) 532-7543
E-mail:  klarsen@rqn.com
E-mail: jclark@rqn.com
E-mail: ahinton@rqn.com

*Attorneys for Receiver, Maria E. Windham*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>MARQUIS PROPERTIES, LLC, a Utah Limited Liability Company, CHARD DEUCHER, an individual, and RICHARD CLATFELTER, an individual,<br><br>Defendants,<br><br>JESSICA DEUCHER, an individual,<br><br>Relief Defendant<br><br>And<br><br>HODGES HOLDING, LLC, and U.S. BANK NATIONAL ASSOCIATION,<br><br>Intervenors. | **RECEIVER'S NINTH INTERIM FEE APPLICATION FOR SERVICES RENDERED FROM OCTOBER 1, 2019 THROUGH MARCH 31, 2020**<br>**(Filed Under Seal)**<br><br>Case No. 2:16-cv-00040-JNP<br><br>Judge: Hon. Jill N. Parrish |

Maria E. Windham, the Court-appointed receiver (the "Receiver"), acting through counsel Ray Quinney & Nebeker, P.C., respectfully submits this Receiver's Ninth Interim Fee Application for Services Rendered from October 1, 2019 through March 31, 2019 and requests that the court approve the Receiver's fees, Attorney Fees, and expenses identified in this Ninth Interim Fee Application and approve this Ninth Interim Fee Application for later payment upon receipt of sufficient settlement funds into the Receivership Account.

## I.      BACKGROUND REGARDING APPLICATION

On January 19, 2016, the Securities and Exchange Commission ("SEC") filed suit against Chad Deucher ("Deucher") and Marquis Properties, LLC ("Marquis Properties") (collectively, the "Defendants") and others, alleging Defendants were involved in an "ongoing offering fraud and Ponzi scheme."  On the motion of the SEC, the Court entered an asset freeze on January 20, 2016 (the "Asset Freeze Order") that required all assets and books and records of the Defendants be preserved and frozen from further disposition.

During the proceedings in this case, it became evident that appointment of a receiver was necessary, even though the Defendants' Accounting and preliminary investigation by the SEC suggested there were few assets remaining in Defendants' possession.  (*See, e.g.*, Dkt. No. 34.) On January 18, 2017, almost a year after the Court's entry of the Asset Freeze Order, the Court entered the Order appointing Maria E. Windham, a partner at the law firm Ray Quinney & Nebeker P.C., as Receiver (the "Receivership Order").  As Receiver, Ms. Windham is ordered to marshal and preserve certain assets of the Defendants that were frozen by the January 20 Asset Freeze Order, plus all additional recoverable assets, which are defined as "assets of any other entities or individuals that: (a) are attributable to funds derived from investors or clients of the

Defendants; (b) are held in constructive trust for the Defendants; and/or (c) were fraudulently transferred by the Defendants" (the "Receivership Estate").  (*See* Receivership Order, Dkt. No. 110, at 1-2; Amended Order, Dkt. No. 182.)

The Court approved lawyers at the law firm of Ray Quinney & Nebeker to act as Counsel to the Receiver, (Dkt. No. 117), and Deiss Law to act as conflicts counsel (Dkt. No. 200).  The law firm of Ray Quinney & Nebeker reduced the rate ordinarily charged by Ms. Windham to $250/hr., and has charged the services of all counsel to the Receiver at a unified rate of $285/hr. These rates reflect significant discounts from the rates regularly charged by the partners who have performed services as Receiver and counsel to the Receiver.  Ray Quinney and Nebeker also reduced the rate charged for paralegal services to $135/hr. and provided other discounts and complied with limitations on billing as set forth in the Billing Instructions for Receivers in Civil Actions Commenced by the U.S. Securities and Exchange Commission.  Moreover, Ray Quinney & Nebeker and the partners working on the case, including the Receiver, have undertaken substantial costs and risk of nonpayment for the benefit of the receivership estate while there are insufficient liquid assets in the bank accounts by fronting expenses and investing the Receiver's time and counsel's time required to manage a complex receivership and work to prevent continuation of the fraud.  Despite this risk, Ray Quinney & Nebeker has not charged a contingency fee or otherwise increased its rates to reflect the risk of nonpayment.  Deiss Law has also charged the same unified rates as Ray Quinney & Nebeker and undertaken risk of nonpayment for the benefit of the receivership estate without charging a contingency fee or otherwise increasing its rates to reflect risk of nonpayment.

The receivership has benefited and continues to benefit from the Receiver's consultation at substantially reduced rates with her lead counsel, Kristine Larsen, and with a variety of legal specialists, as necessary, at Ray Quinney & Nebeker and at Deiss Law.  In addition, administrative professionals provided extensive and valuable assistance to the Receiver without charge.

This fee application covers work by the Receiver and her counsel at the law firms of Ray Quinney & Nebeker, P.C. and Deiss Law performed during the six month period from October 1, 2019 through March 31, 2020.  During this time period, the following professionals at Ray Quinney & Nebeker performed services for the Receivership Estate at the identified rates:

- Receiver @ $250/hr.

  - Maria E. Windham

- Counsel for the Receiver @ 285/hr.

  - Kristine Larsen
  - Jascha Clark
  - Katie Priest
  - Aaron Hinton

- Paralegal @ $135/hr.

  - Susan Seder

Additionally, from October 1, 2019 through November 25, 2019, the following professionals at Deiss Law performed services for the Receivership Estate under an agreement to charge the identified rates[1]:

- Counsel for the Receiver @ $285/hr.

---

[1] Deiss Law completed its services as conflicts counsel and confirmed its disengagement by letter dated November 25, 2019.

    o  Wes Felix
    o  Matt Kaufmann

## II.    CASE STATUS

It is well-established that the Defendants operated a Ponzi scheme.  In 2016, Deucher was criminally indicted for the federal crime of securities fraud.  Deucher executed a Statement by Defendant in Advance of Plea of Guilty and Plea Agreement in his federal criminal case, which was accepted by the Court, on April 19, 2017.  As part of the factual statement in support of his guilty plea, Deucher admitted that "beginning in and around March of 2010 and continuing to around February of 2016," he "solicited approximately 170 investors to invest approximately $16,000,000 in various real-estate based securities offerings secured with promissory notes." *United States v. Deucher*, Case No. 2:16-CR-189-DN, Dkt. No. 50 (Statement of Defendant in Advance of Plea of Guilty and Plea Agreement Pursuant to Fed. R. Crim. P. 11(c)(1)(C) Report dated April 19, 2017.)  Deucher further admitted that "in relation to those investments, without authority or knowledge of the investors, I used investor funds to pay other investors and I used the money for my own personal benefit and living expenses."  (*Id.*)

As described in detail in the Receiver's status reports to date, the Receiver has not been able to locate significant liquid or physical assets in the Receivership Defendants' possession with which to pay the costs of the receivership.  However, the Receiver has been pursuing legal claims of significant value against certain third parties who received fraudulent transfers from Marquis Properties.  The claims the Receiver has been pursuing include more than $1 Million in claims for return of unlawful commissions paid to the transferees.  The Receiver anticipates that payment of receivership expenses and any return to investors will be paid through resolution of

her legal claims against the various transferees who received fraudulent transfers or otherwise harmed the Receivership estate.

As described in the Receiver's status reports filed to date, the Receiver is currently pursuing her claims against various transferees through negotiation and, if necessary, through litigation.

As of March 31, 2020, a total of $634,814.59 in settlement payments had been deposited in the Receivership account, and the Receiver had disbursed court-approved payments of professional fees and expenses out of the Receivership Account totaling $624,576.07 from the aforementioned settlement payments and other deposits.  Attached hereto as "Exhibit A" is a copy of the SEC's Standardized Fund Accounting Report ("SFAR") for the period from October 1, 2019 to March 31, 2020, which provides detail concerning the deposit of settlement funds, payment of fees and expenses, and other transactions in the Receivership Account since the September 30, 2019 end date of the Receiver's prior SFAR.

## 1. Fees of Receiver and Counsel

The fees for services rendered by the Receiver and by counsel at the law firm of Ray Quinney & Nebeker and Deiss Law during the period from October 1, 2019 through March 31, 2020 are detailed in the invoices attached hereto as "Exhibit B."  The majority of the fees incurred by the Receivership Estate were incurred for negotiation and litigation of the Receiver's claims by the Receiver and her counsel.

In consideration of these services, the Receiver requests the Court approve the fees for the services performed by the Receiver from October 1, 2019 through March 31, 2020 in the amount of **$33,550.**  The Receiver further requests that the Court approve fees for services

performed by counsel during the same period in the amount of **$16,330.50** ($**15,219**[2] in attorney

fees for services of Ray Quinney & Nebeker and $**1,111.50**[3] in attorney fees for services of Deiss

Law).  Excluding the 20% holdback the Court applies to fee awards, the Receiver requests that

the Court approve the Receiver's fees for the period from October 1, 2019 through March 30,

2020 in the amount of **$26,840**, and attorneys' fees for the same period in the amount of

**$13,064.40** ($**12,175.20** to Ray Quinney & Nebeker, PC, and $**889.20** to Deiss Law).

## 2. Administrative Expenses

Throughout the Receiver's administration of the Receivership Estate, the Receiver has

been sensitive to the lack of liquid assets.  Nonetheless, it was necessary for the Receiver and her

counsel to pay certain costs and expenses to carry out the Receiver's duties.  In this Ninth

Interim Fee Application, the Receiver therefore seeks reimbursement of the expenses identified

in the attached Exhibit "C", incurred between October 1, 2019 and March 31, 2020.  These

expenses include domain registration fees for the receivership website, fees for issuance of

garnishments, copying expenses, and a parking expense to attend oral argument.  The sum of the

expenses paid by the law firm of Ray Quinney & Nebeker from October 1, 2019 through March

31, 2020, for which the Receiver seeks reimbursement equals $**454.80.**  The sum of the expenses

paid by Deiss Law from July 1, 2019 through September 30, 2019 for which the Receiver seeks

reimbursement equals **$0**.  In total, the Receiver requests that the Court approve reimbursement

of expenses paid by counsel during the same period in the amount of **$454.80.**  If the Court

applies a 20% hold back to expenses, the Court should approve reimbursement of **$363.84** of

---

[2]This number is the sum of all of the fees charged by the Receiver's counsel at Ray Quinney & Nebeker during the
relevant period for this case ($1,207.50), *Windham v. Allen* ($6,604.50), *Windham v. Corey* ($714.00), *Windham v.
Norville* ($6,339.00), *Windham v. Shults* ($259.50), *Windham v. Snyder* ($94.50).
[3] This number is the sum of all of the fees charged by the Receiver's counsel at Deiss Law during the relevant
period.

expenses incurred between October 1, 2019 and March 31, 2020 (**$363.84** to Ray Quinney & Nebeker and $**0** to Deiss Law).

### 3. Amount of Unencumbered Funds

Funds in the Receivership Account as of March 31, 2020 amounted to $15,060.21. The unpaid Receiver's fees, attorneys' fees and expenses incurred through March 31, 2020 to administer the Receivership exceed the funds presently recovered into the receivership account.

### 4. Summary of Administration of Funds

Since the last report of funds ending September 30, 2019 and the current March 31, 2020 report, the Receiver collected an additional $11,153.44 into the receivership account having a previous balance of $3,906.77. Between October 1, 2019 and March 31, 2020, the Receiver has not made further payments out of the Receivership Account toward the balance of the Receiver's Fees, Attorneys Fees, or expenses. The balance in the receivership estate account on March 31, 2020 was **$15,060.21**. The Court has approved payment on the Receiver's Seventh Interim Fee Application (Dkt No. 295) (Receiver's fees $7,320.00, Attorneys' fees $43,617.00, and expenses $93.60) and Eighth Interim Fee Application (Dkt No. 310) (Receiver's fees $5,200, and Attorneys' fees 39262.80), which together covering the Receiver's and her counsel's services from January 1, 2019 through September 20, 2019, when sufficient funds are available in the receivership account for payment. Payment permitted by that court order has not been made for because the account does not yet contain funds to cover fees and expenses permitted by these orders.

**5.  Summary of Creditor Claims Proceedings**

No creditor claims proceedings have begun.  The Receiver will seek the Court's

permission to institute creditor claims proceedings when she has collected assets sufficient to

cover the costs of collecting settlements and administering a claims process, which the Receiver

has estimated will be triggered when (and if) the Receiver's recoveries add up to $1,000,000.

The Receiver's settlements to date amount to a total of more than $645,000 in expected

payments.

**6.  Description of Receivership Estate Assets**

- The Receiver has determined that the most valuable assets of the Receivership
Estate are voidable transfer/fraudulent transfer claims and other claims against
third persons.  At the beginning of 2018, the Receiver filed litigation and/or
entered into tolling agreements regarding $5 million to $6 million in claims
against third parties.  By March 30, 2020 the Receiver had received $634,814.59
of the liquidated payments promised pursuant to the presently existing settlement
agreements into the receivership account.  She expects to receive the following
additional monthly payments pursuant to currently existing  settlement
agreements:

| Month Due | Payments Due by Month |
|-----------|----------------------:|
| 4/2020    | 1281.25               |
| 5/2020    | 1281.25               |
| 6/2020    | 1281.25               |
| 7/2020    | 1281.25               |
| 8/2020    | 1281.25               |
| 9/2020    | 1281.25               |
| 10/2020   | 1031.25               |
| 11/2020   | 1031.25               |
| 12/2020   | 1031.25               |
| 1/2021    | 1031.25               |
| **Total:** | **$11,812.50**       |

- The Receiver has confirmed that several Lear Jets identified by the Defendants as
assets of the Receivership Estate held in the name of Marquis Air, LLC were
transferred away or repossessed prior to appointment of the Receiver.

9

- The Receiver has identified and investigated the value of distressed real properties that remained within the Receivership Estate at the time of the appointment of the Receiver.  She concluded that none of the real property assets that remained in the receivership estate are of sufficient value to provide a meaningful recovery to the Receivership Estate, and they present significant liabilities.  Therefore, the Receiver abandoned the properties with Court approval. After filing her abandonment motion, the Receiver identified one additional bare lot in Marquis Properties' possession that will cost more to sell or to abandon than the value of the property, which is estimated to be approximately $500.  The Receiver was notified before her last fee application that this property was subject to an imminent tax sale.  Accordingly, the Receiver does not presently intend to file a motion to abandon that single low-value lot and to allow the tax sale process to proceed.

- Only a few items of personal property are believed to remain in the Receivership Estate.  The Receiver discovered evidence that personal property previously disclosed by the Defendants was auctioned or pawned in violation of the Court's Asset Freeze Order from January 16, 2016 through December 2017.  A fake Rolex watch was physically returned to the Receiver by a recipient of fraudulent transfers.  That watch is held in the Receiver's offices. The Receiver is also aware of a handgun that was fraudulently transferred to a transferee.  She instructed the transferee to hold it in safekeeping as a frozen asset until receipt of further directions from the Receiver.

- On October 27, 2017, the Receiver deposited into the receivership account the proceeds of her liquidation of the contents of a storage shed belonging to Marquis Enterprises' prior land lord, Steve Black.  The Receiver and Mr. Black previously agreed that, although they had competing claims to the assets, they would preserve the value of the furnishings kept in the storage shed from mounting storage fees by liquidating those assets prior to resolution of their dispute.  Therefore, the proceeds of the liquidation (performed by Statewide Auction Company) equaling $6,034.72 were retained by the Receiver and deposited into the receivership account subject to resolution of the Receiver's ongoing negotiations with Mr. Black regarding his claim to the same furnishings.  The Receiver has now resolved that negotiation, pursuant to which she returned $1,206.94 of the proceeds by check made out from the receivership account to Mr. Black.

### 7.  Description of Unliquidated Claims

Through the last quarter of 2017 and the first three quarters of 2018, the Receiver

investigated and asserted approximately 100 demands for repayment of fraudulent transfers.  In

response, many of the transferees entered into tolling agreements to allow time for the Receiver

to obtain evidence of any defenses raised by the transferees, including any assertions of inability

to pay a judgment, and then to negotiate with the transferees concerning settlement. The

Receiver initially obtained tolling agreements on more than $2 million dollars in claims. By

October 31, 2018, the Receiver had filed ten lawsuits. These lawsuits are identified in the chart

below, together with the amount of damages initially claimed:

| Case | Minimum Damages Claimed |
|---|---|
| *Windham v. Allen, et al.*, 2:18-cv-00054-JNP | $1,064,281 |
| *Windham v. Corey, et al.*, 2:18-cv-00065-EJF | $614,831 |
| *Windham v. Norville, et al.*, 2:18-cv-00057-EJF | $1,061,175 |
| *Windham v. Ringer, et al.*, 2:18-cv-00060-BCW | $121,320 |
| *Windham v. Shults, et al.*, 2:18-cv-00062-PMW | $300,000 |
| *Windham v. Snyder, et al.*, 2:18-cv-00063-BCW | $200,000 |
| *Windham v. Real Estate Investor Support, LLC, et al.* 2:18-cv-00059-BCW | $108,700 |
| *Windham v. Zurixx, LLC, et al.* 2:18-cv-00056-BCW | $214,500 |
| *Windham v. Hill* 2:18-cv-00317-PMW | $27,000 |
| *Windham v. Deucher, et al.* 2:18-cv-00428-TS-PMW | $760,325 |

By the date of this fee application, the Receiver also obtained default judgments or

default judgments were pending against the following individuals in the following amounts:

| Defendant(s) | Judgment Requested | Reference |
|---|---|---|
| Dawn Powers | $1,183.21 | *Windham v. Shults*, Dkt. 71 (Judgment entered) |
| Steve Wollaston & Darcy Wollaston | $23,411.05 | *Windham v. Deucher*, Dkt. 41 (Judgment entered) |
| Shults entity defendants | $23,593.67 | *Windham v. Shults*, Dkt. 78 (Judgment entered) |
| Brian M. Christensen | $15,134.14 | *Windham v. Allen,* Dkt. 200 (Judgment entered) |
| Brian M. Christensen & Renewable Rentals jointly and severally | $2,364.71 | *Windham v. Allen*, Dkt. 201 (Judgment entered) |

| Ryan Farr | $47,953.98 | *Windham v. Allen*, Dkt. 197 (Judgment entered) |
| Garrett Deucher & Anne Deucher | $300,000.00 | Bankruptcy of Garrett and Anne Deucher[4] |
| Total: | **$413,640.76** | |

The Receiver's analysis of collection opportunities with respect to these judgments is ongoing. In February 2020, Receiver received an initial payment of $334.56 from the trustee of the Bankruptcy of Garrett and Ann Deucher.

By March 31, 2020, the Receiver has also resolved her claims with respect to some of the defendants referenced in the above-referenced litigation. The case *Windham v. Ringer* has been dismissed after the defendants paid the agreed upon settlement. The case *Windham v. Hill* has been settled and has been dismissed after the defendant gave the agreed upon consideration. The defendants in the case *Windham v. Deucher* who were not the subject of the court's default judgment have settled in full. The case *Windham v. Snyder* is stayed by order of the Court pending collateral criminal action against the Snyder defendants. The Receiver also obtained court approval to dismiss and has dismissed the cases *Windham v. Real Estate Investor Support, LLC, Windham v. Zurixx, Windham v. Corey,* and *Windham v. Shults*.

In the Receiver's Twelfth Status Report, the Receiver estimated that the total value of remaining claims asserted by the Receiver is equal to $1-2 million in claims against transferees. However, the Receiver cannot at the present date give an accurate prediction of the value the Receiver will be able to collect via litigation or settlement. The Court has previously approved settlement with certain transferees based on ability to pay where transferees provided rigorous

---

[4] Garrett Deucher and Anne Deucher agreed to settle the Receiver's claims against them by consenting to entry of a $300,000 unsecured claim in the Deuchers' bankruptcy case.

financial disclosures and sworn declarations concerning their financial means.  The collectability

of the Receiver's default judgments also remains uncertain.

### 8.  Current and Previous Billings

This is the ninth interim fee application submitted by the Receiver to the Court.  The total

fees billed for the period from September 30, 2019 through March 31, 2020 for the Receiver and

for counsel for the Receiver are broken down by timekeeper as follows:

| Person Billing | Hourly Rate | Hours Billed | Total Fees Billed 10/1/2019- 3/31/2020 |
|---|---|---|---|
| **Receiver** | | | |
| Maria E. Windham | $250 | **134.2** | **$33,550.00** |
| **RQN Attorney Fees** | | | |
| Kristine Larsen | $285 | 7.3 | $2,080.50 |
| Jascha  Clark | $285 | 10.3 | $2,935.50 |
| Katie Priest | $285 | 21.1 | $6,013.50 |
| Aaron Hinton | $285 | 2.1 | $598.50 |
| Susan Seder | $135 | 26.6 | $3,591.00 |
| | **Subtotal** | **67.4** | **$15,219.00** |
| **Deiss Law Attorney Fees** | | | |
| Wess Felix | $285 | 0.5 | $142.50 |
| Matthew Kaufmann | $285 | 3.4 | 969.00 |
| | **Subtotal** | **28.2** | **$1111.50** |
| **Total – Receiver's Fees** | | **134.2** | **$33,550.00** |
| **Total  - Attorneys' Fees** | | **95.6** | **$16,330.50** |
| **Total – Expenses (RQN:** $**454.80**+ Deiss Law:  **$0)** | | | |
| **Total Billing 10/1/19-3/31/20** | | **229.8** | **$50,335.30** |

Excluding the 20% holdback the Court applies to fees, the Court should approve the Receiver's

fees for the period from October 1, 2019 through March 31, 2020 in the amount of $**26,840.00**

attorneys' fees for the same period in the amount of **$13,064.40** and costs in the amount of

$**363.84.**

The fees and expenses requested in this Eighth Interim Fee Application, together with the unpaid fees that remain unpaid pursuant to the Sixth Interim Fee Application exceed the September 30, 2019 account balance of **$3,906.77** available for payment from the Receivership account as of that date.  The Receiver therefore requests that the Court approve the Receiver's Eighth Fee Application for later payment upon receipt of sufficient additional funds.

The following tables provide a more detailed description of the fee requests submitted to the Court, amounts previously paid, the accumulating fee application and holdback balances, and the amount of payment the Receiver requests that the Court approve upon submission of this application.

| Receiver's Fees | | | | | | |
|---|---|---|---|---|---|---|
| Dates | Amount Billed | 20% Holdback | Amount Due | Amount Paid by Court Order | Balance Excluding Holdback | Accumulated Holdback Balance |
| 1/2017-6/2017 | $55,225.00 | $11,045.00 | $44,180.00 | | $44,180.00 | $11,045.00 |
| 1/2018 | | | | ($44,180) (1st Fee Application) | 0 | $11,045.00 |
| 7/2017-12/2017 | $43,575.00 | $8,715.00 | $34,860.00 | | $34,860.00 | $19,760.00 |
| 1/2018-3/2018 | $59,875.00 | $11,975.00 | $47,900.00 | | $82,760.00 | $31,735.00 |
| 5/2018 | | | | ($34,860) (2nd Fee Application) | $47,900.00 | $31,735.00 |
| 4/2018-6/2018 | $54,025.00 | $10,805.00 | $43,220.00 | | $91,120.00 | $42,540.00 |
| 7/2018-9/2018 | $21,475.00 | $4,295.00 | $17,180.00 | | $108,300.00 | $46,835.00 |
| 12/2018 | | | | ($91,120 ) (3rd & 4th Fee Applications) | $17,180.00 | $46,835.00 |
| 10/2018- | $13,575.00 | $2,715.00 | $10,860.00 | | $28,040.00 | $49,550.00 |

| Dates | Amount Billed | 20% Holdback | Amount Due | Amount Paid by Court Order | Balance Excluding Holdback | Accumulated Holdback Balance |
|---|---|---|---|---|---|---|
| 12/2018 | | | | | | |
| 1/2019-6/2019 | | | | ($17,180.00) (5th Fee Application) | $10,860.00 | $49,550.00 |
| 1/2019-6/2019 | $9,150.00 | $1,830.00 | $7,320.00 | | $18,180.00 | $51,380.00 |
| 9/2019 | | | | 10,860.00 (6th Fee Application) | $7,320.00 | $51,380.00 |
| 7/2019-9/2019 | $6,500.00 | $1,300.00 | $5,200.00 | | $12,520.00 | $52,680.00 |
| 10/2019-3/2020 | $33,550.00 | $6,710.00 | **$26,840.00** | | $39,360.00 | $59,390.00 |

| Attorney's Fees | | | | | | |
|---|---|---|---|---|---|---|
| Dates | Amount Billed | 20% Holdback | Amount Due | Amount Paid by Court Order | Balance Excluding Holdback | Accumulated Holdback Balance |
| 1/2017-6/2017 | $147,030.00 | $29,406.00 | $117,624.00 | | $117,624.00 | $29,406.00 |
| 1/2018 | | | | ($117,624) (1st Fee Application) | 0 | $29,406.00 |
| 7/2017-12/2017 | $36,990.00 | $7,398.00 | $29,592.00 | | $29,592.00 | $36,804.00 |
| 1/2018-3/2018 | $105,596.55 | $21,119.31 | $84,477.24 | | $114,069.24 | $57,318.81 |
| 5/2018 | | | | ($29,592.00) (2nd Fee Application) | $84,477.24 | $57,318.81 |
| 4/2018 6/2018 | $92,845.95 | $18,569.19 | $74,276.76 | | $158,754.00 | $75,888.00 |
| 7/2018-9/2018 | $65,288.25 | $13,057.65 | $52,230.60 | | $210,984.60 | $88,945.65 |
| 12/2018 | | | | ($158,754.00) (3rd and 4th Fee Applications) | $52,230.60 | $88,945.65 |
| 10/2018-12/2018 | $45,057.00 | 9,011.40 | $36,045.60 | | $88,276.20 | $97,957.05 |
| 1/2019-6/2019 | | | | ($52,230.60) (5th Fee Application) | $36,045.60 | $97,957.05 |
| 1/2019- | $54,521.25 | 10,904.25 | $43,617.00 | | $79,662.60 | $108,861.30 |

| Dates | Amount Billed | 20% Holdback | Amount Due | Amount Paid by Court Order | Balance Excluding Holdback | Accumulated Holdback Balance |
|---|---|---|---|---|---|---|
| 6/2019 | | | | | | |
| 9/2019 | | | | $36,045.60 (6th Fee Application) | $43,617.00 | $108,861.30 |
| 7/2019-9/2019 | $49,078.50 | $9,815.70 | $39,262.80 | | $82,879.80 | $118,677.00 |
| 10/2019-3/2020 | $16,330.50 | $3,266.10 | **$13,064.40** | | $95,944.20 | $121,943.10 |

| Expenses | | | | | | |
|---|---|---|---|---|---|---|
| Dates | Amount Billed | 20% Holdback | Amount Due | Amount Paid by Court Order | Balance Excluding Holdback | Accumulated Holdback Balance |
| 1/2017-6/2017 | $13,874.51 | $2774.90 | $11,099.61 | | $11,099.61 | $2,774.90 |
| 1/2018 | | | | ($11,099.61) (1st Fee Application) | 0 | $2,774.90 |
| 7/2017-12/2017 | $7,978.80 | $1,595.76 | $6,383.04 | | $6,383.04 | $4,370.66 |
| 1/2018-3/2018 | $14,968.39 | $2,993.68 | $11,974.71 | | $18,357.75 | $7,364.34 |
| 5/2018 | | | | ($6,403.04) (2nd Fee Application) | $11,954.71 | $7,364.34 |
| 4/2018-6/2018 | $3,960.26 | $792.05 | $3,168.21 | | $15,122.92 | $8,156.39 |
| 7/2018-9/2018 | $2,337.20 | $467.44 | $1,869.76 | | $16,992.68 | $10,026.15 |
| 12/2018 | | | | ($15,122.92) (3rd & 4th Fee Applications) | $1,869.76 | $10,026.15 |
| 10/2018-12/2018 | $1,868.82 | 373.76 | $1,495.06 | | $3,364.82 | $10,399.91 |
| 1/2019-6/2019 | | | | ($2,106.30) (5th & 6th Fee Applications | 0 (corrected) | $10,085.28 (corrected) |
| 1/2019-6/2019 | $117 | $23.40 | $93.60 | | $93.60 | $10,108.68 |
| 7/2019-9/2019 | 0 | 0 | $0 | | $93.60 | $10,108.68 |
| 10/2019- | 454.80 | 90.96 | **$363.84** | | $457.44 | $10,199.64 |

| 3/2020 | | | | | | |
|---|---|---|---|---|---|---|

**9. Standardized Fund Accounting Report**

The SEC's Standardized Fund Accounting Report ("SFAR") for October 1, 2019 until

March 31, 2020 is attached hereto as Exhibit A.

**III.    CERTIFICATION OF RECEIVER**

I, Maria E. Windham, the Receiver and applicant hereby certify as follows:

(a) I have read the above Application;

(b) to the best of my knowledge, information and belief formed after reasonable inquiry,

the above Application and all fees and expenses therein are true and accurate and comply with

the Billing Instructions;

(c) all fees contained in the Application are based on the rates listed in the fee schedule included herein and such fees are reasonable;

(d) I have not included in the amount for which reimbursement is sought the amortization of the cost of any investment, equipment, or capital outlay (except to the extent that any such amortization is included within the permitted allowable amounts set forth herein for photocopies and facsimile transmission); and

(e) in seeking reimbursement for a service which the I justifiably purchased or contracted for from a third party (such as copying, imaging, bulk mail, messenger service, overnight courier, computerized research, or title and lien searches), I request reimbursement only for the amount billed to me by the third party vendor and paid by me to such vendor.  To the extent such services were performed by me, I certify I am not making a profit on such reimbursable service.

DATED this 4th day of June, 2020.


*/s/ Maria E. Windham*  _____
By Maria E. Windham, Receiver


RESPECTFULLY SUBMITTED this 30th day of June, 2020.

RAY QUINNEY & NEBEKER P.C.


*/s/ Aaron C. Hinton*  _____
Kristine M. Larsen
Jascha K. Clark
Aaron C. Hinton
*Attorneys for the Receiver, Maria E. Windham*

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of June, 2020, I caused a true and correct copy of

the foregoing **RECEIVER'S NINTH INTERIM FEE APPLICATION FOR SERVICES**

**RENDERED FROM OCTOBER 1, 2019 THROUGH MARCH 31, 2020** to be filed with the

Clerk of the Court using the CM/ECF system, which sent notification of such filing to the

following:

      Amy Oliver
      SECURITIES AND EXCHANGE COMMISSION
      351 S WEST TEMPLE STE 6.100
      SALT LAKE CITY, UT 84101
      Email: olivera@sec.gov

      Cheryl M. Mori
      SECURITIES AND EXCHANGE COMMISSION
      351 S WEST TEMPLE STE 6.100
      SALT LAKE CITY, UT 84101
      Email: moric@sec.gov

      Daniel J. Wadley
      SECURITIES AND EXCHANGE COMMISSION
      351 S WEST TEMPLE STE 6.100
      SALT LAKE CITY, UT 84101
      Email: wadleyd@sec.gov

      Matthew R. Howell
      FILLMORE SPENCER LLC
      3301 N UNIVERSITY AVE
      PROVO, UT 84604
      Email: mhowell@fslaw.com

      Justin D. Heideman
      HEIDEMAN & ASSOCIATES
      2696 N UNIVERSITY AVE STE 180
      PROVO, UT 84604
      Email: jheideman@heidlaw.com

1

Armand J. Howell
HALLIDAY WATKINS & MANN PC
376 E 400 S STE 300
SALT LAKE CITY, UT 84111
Email: armand@hwmlawfirm.com

Robert K. Hunt
robert_hunt@fd.org

And via email on the following non-CM/ECF participant:

Richard Clatfelter
rick@rickclatfelter.com
Pro Se


                                    */s/  Lisa Bonnell*_____

**Index of Exhibits**

Exhibit A:     SEC's Standardized Fund Accounting Report ("SFAR") for the period from October 1, 2019 to March 31, 2020.

Exhibit B:     Fees for services rendered by the Receiver and counsel at the law firm of Ray Quinney & Nebeker and by counsel at the law firm of Deiss Law during the reporting period from October 1, 2019 through March 31, 2020 **FILED UNDER SEAL\*\***

Exhibit C:     Expenses for services rendered by the Receiver and counsel at the law firm of Ray Quinney & Nebeker during the reporting period from October 1, 2019 through March 31, 2020.

1531624