Kristine M. Larsen (9228)
Jascha K. Clark (16019)
Aaron C. Hinton (16840)
**RAY QUINNEY & NEBEKER P.C.**
36 South State Street, 14th Floor
P.O. Box 45385
Salt Lake City, Utah  84145-0385
Telephone:  (801) 532-1500
Facsimile: (801) 532-7543
E-mail:  klarsen@rqn.com
E-mail:  jclark@rqn.com
E-mail:  ahinton@rqn.com

*Attorneys for Receiver, Maria E. Windham*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                    Plaintiff,<br>      vs.<br><br>MARQUIS PROPERTIES, LLC, a Utah Limited Liability Company, CHARD DEUCHER, an individual, and RICHARD CLATFELTER, an individual,<br><br>                    Defendants,<br><br>JESSICA DEUCHER, an individual,<br><br>                    Relief Defendant<br><br>      And<br><br>HODGES HOLDING, LLC, and U.S. BANK NATIONAL ASSOCIATION,<br><br>                    Intervenors. | **RECEIVER'S FOURTEENTH STATUS REPORT**<br><br><br><br>Case No. 2:16-cv-00040-JNP<br><br>Judge: Hon. Jill N. Parrish |

Maria E. Windham, the Court-appointed receiver (the "Receiver"), acting through counsel Ray Quinney & Nebeker, P.C., respectfully submits this Fourteenth Status Report concerning the operation of the receivership through September 30, 2020. This Fourteenth Status Report incorporates by reference the background and information provided in the Receiver's First through Thirteenth Status Reports and provides an update regarding events that occurred in the period between June 30, 2020 and September 30, 2020.

## I.     SUMMARY OF THE OPERATIONS OF THE RECEIVER

**A.     Background Concerning Receivership Defendants.**

The history of the Marquis Properties Ponzi scheme operated by Chad Deucher through the receivership entity defendant Marquis Properties, LLC is described in the Receiver's prior status reports. The Receiver previously reported that on October 11, 2017, Deucher was sentenced to 84 months in prison, and ordered to pay $16,560,552.00 in restitution. As of the date of this filing, the Receiver has received no restitution payment from Deucher. Similarly, the Receiver previously reported that on December 1, 2016, the Court entered Judgment against Deucher's co-conspirator Clatfelter, ordering that Clatfelter pay disgorgement of ill-gotten gains, prejudgment interest thereon, and a civil penalty pursuant to Section 20(d) of the Securities Act and Section 21(d)(3) of the Exchange Act. (Dkt. No. 107.) The SEC subsequently moved for, and the Court entered, an order that Clatfelter is liable for disgorgement of $1,232,849.00, plus prejudgment interest of $160,102.21, for a total of $1,392,951.21. (*See* Dkt. No. 180.) Clatfelter's first payment was due on October 24, 2017. (*Id.*) As of the date of this filing, the Receiver has not received any restitution payments from Clatfelter.

B.     **Overview of Operations of the Receiver.**

   1.     Receiver's Investigation

In previous status reports, the Receiver described in detail her investigation of the potential assets that could be marshalled and claims that could be asserted by the Receiver on behalf of the Receivership Estate. The prior reports describe the extraordinary efforts required for the Receiver to obtain the books and records and track down evidence concerning the assets of the entity receivership defendant. They also describe the Receiver's discoveries that certain books and records had been destroyed and assets sold by Deucher and others during the Court's asset freeze. The Receiver previously filed three notices of violation of the Asset Freeze Order and Receivership Order by Chad Deucher.

Prior reports also describe the Receiver's valuation and abandonment of the small number of distressed residential properties that the Receiver identified as remaining within the Receivership estate. Between June 30, 2020 and September 30, 2020, the Receiver has not discovered any previously unreported real property titled to the receivership defendants.

Prior reports also describe the Receiver's assertion of several million dollars in legal claims against third parties. The Marquis Ponzi Scheme relied upon a large network of persons who referred victim investors located across the country into the Ponzi scheme in return for commissions, marketing fees, joint-venture agreements to participate in profits, payments to insiders, and even false escrow fees. A much smaller group of individuals profited substantially as net winners in this Ponzi scheme investment. The Receiver also asserted claims against several defendants concerning payments by Marquis Properties of expenses for luxury items that benefited Chad Deucher, not the investors of Marquis Properties. Prior to April 31st 2018, the

Receiver filed multiple lawsuits relating to the above-described claims and was also in pre-litigation settlement discussions with multiple potential defendants.  Between April 31, 2018 and June 30, 2019 the Receiver resolved by settlement most of the outstanding claims that had not previously been included in a lawsuit.

        2.        <u>Receiver's Pursuit of Legal Claims and Abandonment of Properties</u>

As described in previous status reports, through the last quarter of 2017 and the beginning of January 2018, the Receiver investigated and asserted nearly 100 demands for repayment of fraudulent transfers.  In response, many of the transferees entered into tolling agreements to allow time for the Receiver to obtain evidence of any defenses raised by the transferees, including any assertions of inability to pay a judgment, and then to negotiate with the recipients of the transfers concerning potential settlements.  Between April 31, 2018 and December 31, 2018, the Receiver resolved or proceeded with litigation on the claims that required the tolling agreements.  By December 31, 2019, the Receiver filed ten lawsuits.  These lawsuits are identified in the chart below, together with the amount of damages initially claimed and the lawsuit(s) status as of September 30, 2020.  Between June 30, 2020 and September 30, 2020, the court hearing the *Windham v. Norville* case ruled on the parties' competing motions for summary judgment. That court found that factual issues remain regarding the Receiver's claims against defendants Northwest Jet and Norville.  Because of COVID-19-related delays in obtaining a jury trial setting, no trial date is presently set in the *Windham v. Norville* case.

| Case | Minimum Damages Claimed in Initial Complaint | Status on September 30, 2020 |
|---|---|---|
| *Windham v. Allen, et al.*, 2:18-cv-00054-JNP | $1,064,281 | Litigation in dispositive motion phase. Claims asserted by Receiver against non-settling defendants not in default: approx. $775,000. Receiver has been awarded default judgment against certain defendants.[1] |
| *Windham v. Corey, et al.* 2:18-cv-00065-EJF | $500,000 | Case has been dismissed with prejudice upon Court approval. |
| *Windham v. Norville, et al.*, 2:18-cv-00057-EJF | $1,061,175 | Litigation awaiting trial setting before civil jury on issues of fact. Only Norville Defendants remain. Claims asserted by Receiver against non-settling defendants not in default: approx. $750,000. |
| *Windham v. Ringer, et al.*, 2:18-cv-00060-BCW | $121,320 | Case fully resolved by settlement and dismissed with prejudice. |
| *Windham v. Shults, et al.*, 2:18-cv-00062-PMW | $300,000 | Case has been dismissed with prejudice upon Court approval. |
| *Windham v. Snyder, et al.*, 2:18-cv-00063-BCW | $200,000 | One non-settling defendant remains. Case stayed based on parallel criminal action against remaining defendant. Amount of damages claimed: $190,000. |
| *Windham v. Real Estate Investor Support, LLC, et al.* 2:18-cv-00059-BCW | $108,700 | Case has been dismissed with prejudice upon Court approval. |
| *Windham v. Zurixx, LLC, et al.* 2:18-cv-00056-BCW | $214,500 | Case has been dismissed with prejudice upon Court approval. |
| *Windham v. Deucher*, 2:18-cv-000428 BCW | $797,885 | Case has been resolved by settlements and dismissed with prejudice. |
| *Windham v. Hill,* 2:18-cv-00317-PMW | $27,000 | Case has been resolved by settlement agreement and dismissed with prejudice. |

As of March 31, 2020, Receiver had succeeded in entering into court-approved settlement

---

[1] After September 30, 2020, the court hearing the *Windham v. Allen* case ruled on the Receiver's dispositive motions. The impact of that ruling is referenced in the Receiver's recommendations below, but will be addressed in further detail in the Receiver's next status report covering the period from October 1, 2020 through December 31, 2020.

agreements and received settlement payments that, when aggregated, amount to $634,814.59**.**

Litigation on the suits filed by the Receiver is proceeding.  The Receiver is also continuing to make efforts to resolve the above-referenced cases without extended litigation, where possible.  To date, the Receiver has fully resolved and dismissed seven of the ten lawsuits filed.  One of the remaining three lawsuits is stayed pending resolution of a criminal case against the defendants alleging securities fraud offenses.  Several of the defendants who have settled with the Receiver upon court approval have done so for reduced amounts based on sworn evidence of impecuniosity.  Additionally, the Receiver has not been successful in collecting several significant default judgments.  The remaining claims in litigation amount to claims of $1–2 million dollars.  The actual value of these claims must be reduced by the expense that is required to take these claims to trial and by the ability of the defendants to make payment on any judgments that the Receiver may obtain.

## II. RECEIVERSHIP FUNDS

The Receiver has established a bank account for the qualified settlement fund.  A full financial report of the account through September 30, 2020 will be separately submitted to the Court by the Receiver.  The Receiver has not yet paid the already court-approved Receiver's Seventh, Eighth, or Ninth Interim Fee Applications for Services Rendered between January 1, 2019 and March 30, 2020.  The Receiver intends to make approved payments from the balance of the Receivership account when and if sufficient deposits are received.  As of the date of this report, the expenses of administering the Receivership estate continue to substantially exceed the funds available in the Receivership account.

## III. RECEIPTS AND DISBURSEMENTS

Receipts and disbursements will be described in the Receiver's Tenth Interim Fee Application for Services Rendered from April 1, 2020 through September 30, 2020.

## IV. LIST OF CREDITORS AND CREDITORS' CLAIMS

The lack of accurate records concerning investors has hindered the Receiver from identifying a reliable list of all creditors and creditors' claims. Collection and analysis of third-party evidence is necessary before the Receiver can accurately set forth a list of creditors.

## V. CREDITOR CLAIMS PROCEEDINGS

The Receiver has deferred creditor or investor claims proceedings because of the current lack of liquid assets in the estate. The Receiver has been endeavoring to obtain litigation settlements and recoveries sufficient to provide a return to investors before imposing a burden on victim investors to engage in a claims process. She estimates that recovery of approximately $1,000,000 would provide sufficient assets to initiate a claims process. To date, the Receiver has recovered only slightly more than half of that amount. The Receiver's website continues to be updated with the Receiver's status reports and is located at https://marquisreceivership.com/.

## VI. RECEIVER'S RECOMMENDATIONS

The Receiver previously recommended that the remaining unsettled claims for $1–2 million dollars warranted continued litigation. Through September 30, 2020, the Receiver pursued litigation, with approval of the Court, based on her best judgment that the Receivership Estate had significant meritorious legal claims. The Receiver had filed and was awaiting decisions on dispositive motions—including dispositive motions on her claims against persons who obtained payments from the Ponzi scheme for introducing Ponzi scheme victims to Chad

Deucher.  The Receiver pursued her legal theory that such defendants could not establish that they gave "reasonably equivalent value" to the Marquis entity required to defend clawback claims under Utah's Fraudulent Transfer Act.  After the Receiver's Thirteenth Status report, the Court hearing the *Windham v. Norville* case determined that issues of fact preclude granting the Receiver's motion for summary judgment against the defendant providers of private jet services.  Additionally, after the September 30, 2020 end date of this Fourteenth Status report, the court hearing the *Windham v. Allen* case also denied the Receiver's dispositive motions.  In *Allen*, the Court decided that referral payments for bringing victims into a Ponzi scheme are not unsupported by reasonably equivalent value as a matter of law and issues of fact preclude granting the Receiver's motions for summary judgment against persons who received payments for soliciting new investors into the Ponzi scheme.  In light of these developments, the Receiver is presently reconsidering the costs versus the potential benefit to the Receivership Estate of her continued pursuit of litigation.  The Receiver is preparing a separate motion to this Court addressing her recommendations concerning disposition of the remaining receivership cases.

RESPECTFULLY SUBMITTED this 1st day of December, 2020.

RAY QUINNEY & NEBEKER P.C.

*/s/ Aaron C. Hinton*
Kristine M. Larsen
Jascha K. Clark
Aaron C. Hinton
*Attorneys for the Receiver, Maria E. Windham*

## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of December, 2020, I electronically filed the foregoing **RECEIVER'S FOURTEENTH STATUS REPORT** with the Clerk of Court using the CM/ECF system which sent notification of such filing to the following:

Amy J. Oliver
SECURITIES AND EXCHANGE COMMISSION
351 S WEST TEMPLE STE 6.100
SALT LAKE CITY, UT 84101
Email: olivera@sec.gov

Cheryl M. Mori
SECURITIES AND EXCHANGE COMMISSION
351 S WEST TEMPLE STE 6.100
SALT LAKE CITY, UT 84101
Email: moric@sec.gov

Daniel J. Wadley
SECURITIES AND EXCHANGE COMMISSION
351 S WEST TEMPLE STE 6.100
SALT LAKE CITY, UT 84101
Email: wadleyd@sec.gov

Justin D. Heideman
HEIDEMAN & ASSOCIATES
2696 N UNIVERSITY AVE STE 180
PROVO, UT 84604
Email: jheideman@heidlaw.com

Armand J. Howell
HALLIDAY WATKINS & MANN PC
376 E 400 S STE 300
SALT LAKE CITY, UT 84111
Email: armand@hwmlawfirm.com

Via U.S. mail, postage prepaid, to the following non-CM/ECF participant:

    Jessica Deucher
    1082 E. 50 S.
    Orem, UT  84097

And via electronic mail on the following non-CM/ECF participant:

    Richard Clatfelter
    rick@rickclatfelter.com


                                                                                       */s/  Ashley Rollins*

1549916