Kristine M. Larsen (9228)
Jascha K. Clark (16019)
Aaron C. Hinton (16840)
**RAY QUINNEY & NEBEKER P.C.**
36 South State Street, 14th Floor
P.O. Box 45385
Salt Lake City, Utah  84145-0385
Telephone:  (801) 532-1500
Facsimile: (801) 532-7543
E-mail:  klarsen@rqn.com
E-mail:  jclark@rqn.com
E-mail:  ahinton@rqn.com

*Attorneys for Receiver, Maria E. Windham*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>     Plaintiff,<br><br> vs.<br><br>MARQUIS PROPERTIES, LLC, a Utah Limited Liability Company, CHARD DEUCHER, an individual, and RICHARD CLATFELTER, an individual,<br><br>    Defendants,<br><br>JESSICA DEUCHER, an individual,<br><br>    Relief Defendant<br><br>  And<br><br>HODGES HOLDING, LLC, and U.S. BANK NATIONAL ASSOCIATION,<br><br>    Intervenors. | **RECEIVER'S TENTH INTERIM FEE APPLICATION AND FINANCIAL REPORT FROM APRIL 1, 2020 THROUGH SEPTEMBER 30, 2020**<br>**(Filed Under Seal)**<br><br><br>Case No. 2:16-cv-00040-JNP<br><br>Judge: Hon. Jill N. Parrish |

Maria E. Windham, the Court-appointed receiver (the "Receiver"), acting through counsel Ray Quinney & Nebeker, P.C., respectfully submits this Receiver's Tenth Interim Fee Application for Services Rendered from April 1, 2020 through September 30, 2020.  The Receiver hereby declines to request an interim award of fees for the period from April 1, 2020 through September 30, 2020 on the basis that the time and effort she will incur in reviewing, formatting, and presenting the Receiver's fees and attorneys fees incurred by Receiver during this period to the Securities and Exchange Commission and the Court for approval is not warranted  in light of the lack of funds and assets in the Marquis Properties receivership estate to pay each of the interim fee applications previously granted by this Court.  As of March 30, 2020, the balances of unpaid fees granted on an interim basis by this Court are as follows: $39,360.00 in Receiver's Fees, $95,944.20 in attorneys fees, and $457.44 in expenses. (See Receiver's 9th Interim Fee Application).  As of September 30, 2020, there was only approximately $20,000 available in the receivership account from which to pay these accumulated fees.  Moreover, for reasons stated in the Receiver's Fourteenth Status Report and to be further addressed in a forthcoming motion to the Court for disposition of litigation, the Receiver believes it is unlikely that sufficient fees will be recovered to cover the outstanding fees. Accordingly, the Receiver does not seek further awards of fees in this Tenth Interim Fee Application.

## I.        BACKGROUND REGARDING APPLICATION

For the background regarding this Tenth Fee Application, the Receiver incorporates by reference her prior fee applications together with her Fourteenth Status Report filed on December 1, 2020. This Tenth Fee Application covers work by the Receiver and her counsel at

the law firms of Ray Quinney & Nebeker, P.C. performed during the period from April 1, 2020 through September 30, 2020.

## II.    CASE STATUS

The Receiver incorporates by reference the descriptions of the status of this receivership in her Fourteenth Status report filed December 1, 2020.  With regard to the financial status of the receivership estate, the Receiver reports that, as of September 30, 2020, a total of $639,495.44 in settlement payments had been deposited in the Receivership account, and the Receiver had disbursed court-approved payments of professional fees and expenses out of the Receivership Account totaling $624,576.07 from the aforementioned settlement payments and other deposits. Attached hereto as "Exhibit A" is a copy of the SEC's Standardized Fund Accounting Report ("SFAR") for the subsequent period from April 1, 2020 to September 30, 2020, which provides detail concerning the deposit of settlement funds, payment of fees and expenses, and other transactions in the Receivership Account since the March 30, 2020 end date of the Receiver's prior SFAR.

### 1.  Fees of Receiver and Counsel

The fees for services rendered by the Receiver and by counsel at the law firm of Ray Quinney & Nebeker during the period from April 1, 2020 through September 30, 2020 are not set forth in detailed invoices herewith because the Receiver does not request interim payment of these fees.  The Receiver and her attorneys at Ray Quinney and Nebeker incurred approximately another $10,000 in fees over this six month period.

### 2.  Administrative Expenses

No additional administrative expenses were incurred by Ray Quinney and Nebeker and charged to the receivership in the period between April 1, 2020 and September 30, 2020.

### 3.  Amount of Unencumbered Funds

Funds in the Receivership Account as of September 30, 2020 amounted to $20,010.90 The unpaid Receiver's fees, attorneys' fees and expenses incurred through March 31, 2020 to administer the Receivership continue to exceed the funds presently recovered into the receivership account.

### 4.  Summary of Administration of Funds

Since the last report of funds ending March 31, 2020 and the current September 30, 2020 report, the Receiver collected an additional $4,950.69 into the receivership account having a previous balance of $15,060.21.  Between October 1, 2019 and March 31, 2020, the Receiver has not made further payments out of the Receivership Account toward the balance of the Receiver's Fees, Attorneys Fees, or expenses.  The balance in the receivership estate account on September 30, 2020 was **$20,010.90**.  The Court has approved payment on the Receiver's Seventh through Ninth fee applications when sufficient funds are available in the receivership account for payment.  Payment permitted by that court order has not been made for because the account does not yet contain funds to cover fees and expenses permitted by these orders.

### 5.  Summary of Creditor Claims Proceedings

No creditor claims proceedings have begun.  The Receiver incorporates by reference her statements in the Fourteenth Status Report filed on December 1, 2020.

**6. Description of Receivership Estate Assets**

- The Receiver previously determined that the most valuable assets of the Receivership Estate are voidable transfer/fraudulent transfer claims and other claims against third persons.  At the beginning of 2018, the Receiver filed litigation and/or entered into tolling agreements regarding $5 million to $6 million in claims against third parties.  By March 30, 2020 the Receiver had received $634,814.59 of the liquidated payments promised pursuant to the presently existing settlement agreements into the receivership account.  As of March 31, 2020, the Receiver expected to receive the following additional monthly payments pursuant to currently existing  settlement agreements:

| Month Due | Payments Due by Month |
|---|---|
| 4/2020 | 1281.25 |
| 5/2020 | 1281.25 |
| 6/2020 | 1281.25 |
| 7/2020 | 1281.25 |
| 8/2020 | 1281.25 |
| 9/2020 | 1281.25 |
| 10/2020 | 1031.25 |
| 11/2020 | 1031.25 |
| 12/2020 | 1031.25 |
| 1/2021 | 1031.25 |
| **Total:** | **$11,812.50** |

However, some of these payments have not been received by the Receiver as expected due to payment problems experienced by the payors due to COVID-19. The Receiver has exercised her discretion to agree to provide flexibility in the payment schedule to one of the payors. Between April 1, 2020 and September 30, 2020, the Receiver received $4,680.85 in settlement payments.  That amount is $3,006.65 less than projected in the table above.

- The Receiver has confirmed that several Lear Jets identified by the Defendants as assets of the Receivership Estate held in the name of Marquis Air, LLC were transferred away or repossessed prior to appointment of the Receiver.

- The Receiver has identified and investigated the value of distressed real properties that remained within the Receivership Estate at the time of the appointment of the Receiver.  She concluded that none of the real property assets that remained in the receivership estate are of sufficient value to provide a meaningful recovery to the Receivership Estate, and they present significant liabilities.  Therefore, the Receiver abandoned the properties with Court approval. After filing her

abandonment motion, the Receiver identified one additional bare lot in Marquis Properties' possession that will cost more to sell or to abandon than the value of the property, which is estimated to be approximately $500.  The Receiver was notified before her last fee application that this property was subject to an imminent tax sale.  Accordingly, the Receiver does not presently intend to file a motion to abandon that single low-value lot and to allow the tax sale process to proceed.

- Only a few items of personal property are believed to remain in the Receivership Estate.  The Receiver discovered evidence that personal property previously disclosed by the Defendants was auctioned or pawned in violation of the Court's Asset Freeze Order from January 16, 2016 through December 2017.  A fake Rolex watch was physically returned to the Receiver by a recipient of fraudulent transfers.  That watch is held in the Receiver's offices. The Receiver is also aware of a handgun that was fraudulently transferred to a transferee.  She instructed the transferee to hold it in safekeeping as a frozen asset until receipt of further directions from the Receiver.

- On October 27, 2017, the Receiver deposited into the receivership account the proceeds of her liquidation of the contents of a storage shed belonging to Marquis Enterprises' prior land lord, Steve Black.  The Receiver and Mr. Black previously agreed that, although they had competing claims to the assets, they would preserve the value of the furnishings kept in the storage shed from mounting storage fees by liquidating those assets prior to resolution of their dispute. Therefore, the proceeds of the liquidation (performed by Statewide Auction Company) equaling $6,034.72 were retained by the Receiver and deposited into the receivership account subject to resolution of the Receiver's ongoing negotiations with Mr. Black regarding his claim to the same furnishings.  The Receiver has now resolved that negotiation, pursuant to which she returned $1,206.94 of the proceeds by check made out from the receivership account to Mr. Black.

## 7. Description of Unliquidated Claims

The Receiver incorporates by reference the analysis her Fourteenth Status Report submitted December 1, 2020.  In addition to the settlement payments received or promised, as identified above, the Receiver has obtained default judgments against the following individuals in the following amounts:

| Defendant(s) | Judgment Requested | Reference |
|---|---|---|
| Dawn Powers | $1,183.21 | *Windham v. Shults*, Dkt. 71 (Judgment entered) |
| Steve Wollaston & Darcy Wollaston | $23,411.05 | *Windham v. Deucher*, Dkt. 41 (Judgment entered) |
| Shults entity defendants | $23,593.67 | *Windham v. Shults*, Dkt. 78 (Judgment entered) |
| Brian M. Christensen | $15,134.14 | *Windham v. Allen,* Dkt. 200 (Judgment entered) |
| Brian M. Christensen & Renewable Rentals jointly and severally | $2,364.71 | *Windham v. Allen*, Dkt. 201 (Judgment entered) |
| Ryan Farr | $47,953.98 | *Windham v. Allen*, Dkt. 197 (Judgment entered) |
| Garrett Deucher & Anne Deucher | $300,000.00 | Bankruptcy of Garrett and Anne Deucher[1] |
| Total: | **$413,640.76** | |

The Receiver has attempted unsuccessfully to collect on the above default judgments.  However, the Receiver has received and deposited in the Receivership account several payments from the trustee of the Bankruptcy of Garrett and Ann Deucher.  Between April 1, 2020 and September 30, 2020, the receivership estate received $2,180.85 in payments from the trustee of the bankruptcy of Garrett and Ann Deucher.  That amount received from the bankruptcy trustee is included in the sum of settlement payments identified above.

---

[1] Garrett Deucher and Anne Deucher agreed to settle the Receiver's claims against them by consenting to entry of a $300,000 unsecured claim in the Deuchers' bankruptcy case.

**8.  Current and Previous Billings**

The Receiver does not seek interim payment of the fees incurred by the Receiver and her counsel between April, 2020 and September 30, 2020.

The following tables provide a more detailed description of the fee requests submitted to the Court, amounts previously paid, and the accumulating fee application and holdback balances through the Ninth Fee Application covering fees through March 31, 2020.

| Receiver's Fees | | | | | | |
|---|---|---|---|---|---|---|
| Dates | Amount Billed | 20% Holdback | Amount Due | Amount Paid by Court Order | Balance Excluding Holdback | Accumulated Holdback Balance |
| 1/2017-6/2017 | $55,225.00 | $11,045.00 | $44,180.00 | | $44,180.00 | $11,045.00 |
| 1/2018 | | | | ($44,180) (1st Fee Application) | 0 | $11,045.00 |
| 7/2017-12/2017 | $43,575.00 | $8,715.00 | $34,860.00 | | $34,860.00 | $19,760.00 |
| 1/2018-3/2018 | $59,875.00 | $11,975.00 | $47,900.00 | | $82,760.00 | $31,735.00 |
| 5/2018 | | | | ($34,860) (2nd Fee Application) | $47,900.00 | $31,735.00 |
| 4/2018-6/2018 | $54,025.00 | $10,805.00 | $43,220.00 | | $91,120.00 | $42,540.00 |
| 7/2018-9/2018 | $21,475.00 | $4,295.00 | $17,180.00 | | $108,300.00 | $46,835.00 |
| 12/2018 | | | | ($91,120 ) (3rd & 4th Fee Applications) | $17,180.00 | $46,835.00 |
| 10/2018-12/2018 | $13,575.00 | $2,715.00 | $10,860.00 | | $28,040.00 | $49,550.00 |
| 1/2019-6/2019 | | | | ($17,180.00) (5th Fee Application) | $10,860.00 | $49,550.00 |

| Dates | Amount Billed | 20% Holdback | Amount Due | Amount Paid by Court Order | Balance Excluding Holdback | Accumulated Holdback Balance |
|---|---|---|---|---|---|---|
| 1/2019-6/2019 | $9,150.00 | $1,830.00 | $7,320.00 | | $18,180.00 | $51,380.00 |
| 9/2019 | | | | 10,860.00 (6th Fee Application) | $7,320.00 | $51,380.00 |
| 7/2019-9/2019 | $6,500.00 | $1,300.00 | $5,200.00 | | $12,520.00 | $52,680.00 |
| 10/2019-3/2020 | $33,550.00 | $6,710.00 | $26,840.00 | | **$39,360.00** | $59,390.00 |

| Attorney's Fees | | | | | | |
|---|---|---|---|---|---|---|
| Dates | Amount Billed | 20% Holdback | Amount Due | Amount Paid by Court Order | Balance Excluding Holdback | Accumulated Holdback Balance |
| 1/2017-6/2017 | $147,030.00 | $29,406.00 | $117,624.00 | | $117,624.00 | $29,406.00 |
| 1/2018 | | | | ($117,624) (1st Fee Application) | 0 | $29,406.00 |
| 7/2017-12/2017 | $36,990.00 | $7,398.00 | $29,592.00 | | $29,592.00 | $36,804.00 |
| 1/2018-3/2018 | $105,596.55 | $21,119.31 | $84,477.24 | | $114,069.24 | $57,318.81 |
| 5/2018 | | | | ($29,592.00) (2nd Fee Application) | $84,477.24 | $57,318.81 |
| 4/2018 6/2018 | $92,845.95 | $18,569.19 | $74,276.76 | | $158,754.00 | $75,888.00 |
| 7/2018-9/2018 | $65,288.25 | $13,057.65 | $52,230.60 | | $210,984.60 | $88,945.65 |
| 12/2018 | | | | ($158,754.00) (3rd and 4th Fee Applications) | $52,230.60 | $88,945.65 |
| 10/2018-12/2018 | $45,057.00 | 9,011.40 | $36,045.60 | | $88,276.20 | $97,957.05 |
| 1/2019-6/2019 | | | | ($52,230.60) (5th Fee Application) | $36,045.60 | $97,957.05 |
| 1/2019-6/2019 | $54,521.25 | 10,904.25 | $43,617.00 | | $79,662.60 | $108,861.30 |
| 9/2019 | | | | $36,045.60 (6th Fee Application) | $43,617.00 | $108,861.30 |

| 7/2019-9/2019 | $49,078.50 | $9,815.70 | $39,262.80 | | $82,879.80 | $118,677.00 |
| 10/2019-3/2020 | $16,330.50 | $3,266.10 | $13,064.40 | | **$95,944.20** | $121,943.10 |

| Expenses | | | | | | |
|---|---|---|---|---|---|---|
| Dates | Amount Billed | 20% Holdback | Amount Due | Amount Paid by Court Order | Balance Excluding Holdback | Accumulated Holdback Balance |
| 1/2017-6/2017 | $13,874.51 | $2774.90 | $11,099.61 | | $11,099.61 | $2,774.90 |
| 1/2018 | | | | ($11,099.61) (1st Fee Application) | 0 | $2,774.90 |
| 7/2017-12/2017 | $7,978.80 | $1,595.76 | $6,383.04 | | $6,383.04 | $4,370.66 |
| 1/2018-3/2018 | $14,968.39 | $2,993.68 | $11,974.71 | | $18,357.75 | $7,364.34 |
| 5/2018 | | | | ($6,403.04) (2nd Fee Application) | $11,954.71 | $7,364.34 |
| 4/2018-6/2018 | $3,960.26 | $792.05 | $3,168.21 | | $15,122.92 | $8,156.39 |
| 7/2018-9/2018 | $2,337.20 | $467.44 | $1,869.76 | | $16,992.68 | $10,026.15 |
| 12/2018 | | | | ($15,122.92) (3rd & 4th Fee Applications) | $1,869.76 | $10,026.15 |
| 10/2018-12/2018 | $1,868.82 | 373.76 | $1,495.06 | | $3,364.82 | $10,399.91 |
| 1/2019-6/2019 | | | | ($2,106.30) (5th & 6th Fee Applications | 0 (corrected) | $10,085.28 (corrected) |
| 1/2019-6/2019 | $117 | $23.40 | $93.60 | | $93.60 | $10,108.68 |
| 7/2019-9/2019 | 0 | 0 | $0 | | $93.60 | $10,108.68 |
| 10/2019-3/2020 | 454.80 | 90.96 | $363.84 | | **$457.44** | $10,199.64 |

### 9.  Standardized Fund Accounting Report

The SEC's Standardized Fund Accounting Report ("SFAR") for April 1, 2020 until September 30, 2020 is attached hereto as Exhibit A.

## III.   CERTIFICATION OF RECEIVER

I, Maria E. Windham, the Receiver and applicant hereby certify as follows:

(a) I have read the above Application;

(b) to the best of my knowledge, information and belief formed after reasonable inquiry, the above Application and all fees and expenses therein are true and accurate and comply with the Billing Instructions;

(c) all fees contained in the Application are based on the rates listed in the fee schedule included herein and such fees are reasonable;

(d) I have not included in the amount for which reimbursement is sought the amortization of the cost of any investment, equipment, or capital outlay (except to the extent that any such amortization is included within the permitted allowable amounts set forth herein for photocopies and facsimile transmission); and

(e) in seeking reimbursement for a service which the I justifiably purchased or contracted for from a third party (such as copying, imaging, bulk mail, messenger service, overnight courier, computerized research, or title and lien searches), I request reimbursement only for the amount billed to me by the third party vendor and paid by me to such vendor.  To the extent such services were performed by me, I certify I am not making a profit on such reimbursable service.

DATED this 1st day of December, 2020.


/s/ Maria E. Windham
By Maria E. Windham, Receiver


RESPECTFULLY SUBMITTED this 1st day of December, 2020.

RAY QUINNEY & NEBEKER P.C.


/s/ Aaron C. Hinton
Kristine M. Larsen
Jascha K. Clark
Aaron C. Hinton
*Attorneys for the Receiver, Maria E. Windham*

## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of December, 2020, I caused a true and correct copy

of the foregoing **RECEIVER'S TENTH INTERIM FEE APPLICATION AND**

**FINANCIAL REPORT FOR APRIL 1, 2020 THROUGH SEPTEMBER 30, 2020** to be

filed with the Clerk of the Court using the CM/ECF system, which sent notification of such filing

to the following:

Amy Oliver
SECURITIES AND EXCHANGE COMMISSION
351 S WEST TEMPLE STE 6.100
SALT LAKE CITY, UT 84101
Email: olivera@sec.gov

Cheryl M. Mori
SECURITIES AND EXCHANGE COMMISSION
351 S WEST TEMPLE STE 6.100
SALT LAKE CITY, UT 84101
Email: moric@sec.gov

Daniel J. Wadley
SECURITIES AND EXCHANGE COMMISSION
351 S WEST TEMPLE STE 6.100
SALT LAKE CITY, UT 84101
Email: wadleyd@sec.gov

Matthew R. Howell
FILLMORE SPENCER LLC
3301 N UNIVERSITY AVE
PROVO, UT 84604
Email: mhowell@fslaw.com

Justin D. Heideman
HEIDEMAN & ASSOCIATES
2696 N UNIVERSITY AVE STE 180
PROVO, UT 84604
Email: jheideman@heidlaw.com

Armand J. Howell
HALLIDAY WATKINS & MANN PC
376 E 400 S STE 300
SALT LAKE CITY, UT 84111
Email: armand@hwmlawfirm.com

Robert K. Hunt
robert_hunt@fd.org

And via email on the following non-CM/ECF participant:

Richard Clatfelter
rick@rickclatfelter.com
Pro Se

/s/  Ashley Rollins

**Index of Exhibits**

Exhibit A:      SEC's Standardized Fund Accounting Report ("SFAR") for the period from April 1, 2020 to September 30, 2020.

1550031