KRISTINE M. LARSEN (9228)
JASCHA K. CLARK (16019)
AARON C. HINTON (16840)
**RAY QUINNEY & NEBEKER P.C.**
36 South State Street, Suite 1400
P. O. Box 45385
Salt Lake City, UT 84145-0385
Tel:  (801) 532-1500
Fax:  (801) 532-7543
klarsen@rqn.com
jclark@rqn.com
ahinton@rqn.com

*Attorneys for Receiver, Maria E. Windham*

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>  Plaintiff,<br><br>v.<br><br>MARQUIS PROPERTIES, LLC, a Utah Limited Liability Company, CHAD DEUCHER, an individual, and RICHARD CLATFELTER, an individual<br><br>  Defendants;<br><br>JESSICA DEUCHER, an individual,<br><br>  Relief Defendant,<br><br>and<br><br>HODGES HOLDING, LLC,<br><br>  Intervenor. | **RECEIVER'S**<br>***EX PARTE* MOTION TO APPROVE DISPOSITION OF CLAIMS**<br><br>**[FILED UNDER SEAL PURSUANT TO COURT ORDER (DOCKET NO. 230)]**<br><br>Case No. 2:16-cv-00040-JNP<br><br>District Judge Jill N. Parrish |

Plaintiff Maria E. Windham, as Receiver for Marquis Properties, LLC ("Receiver"), by and through her counsel, hereby submits this *Ex Parte* Motion to Approve Disposition of Claims under seal and requests leave of the Court to dismiss and abandon the remaining claims of the Marquis Properties receivership estate asserted in the three remaining lawsuits filed by Receiver: *Windham v. Allen, et al.*, *Windham v. Norville, et al.*, and *Windham v. Snyder, et al*.

### BASIS FOR MOTION TO APPROVE DISPOSITION OF CLAIMS

In November, the Court denied Receiver's motions for summary judgment in the Receiver's largest remaining lawsuit, *Windham v. Allen, et al.* No. 2:18-cv-00054-JNP-DBP. (*Allen* at Dkt. No. 263). The Court rejected Receiver's theory of the case in the *Allen* litigation, which was that fraudulently transferred payments that Chad Deucher caused Marquis Properties to pay as "commissions" must be returned to the receivership estate because referring a new victim to a Ponzi scheme does not give reasonably equivalent value to the Ponzi scheme entity for the fraudulently transferred payment pursuant to the reasoning of *Warfield v. Byron*, 436 F.3d 551, 554-55 (5th Cir. 2006) and cases relying on it. The Court declined to adopt the reasoning of *Warfield*, and it held there are issues of fact for trial in the *Allen* case regarding the value defendants provided in exchange for the fraudulently transferred commissions payments, as well as issues of fact regarding whether defendants acted in good faith.

After reviewing the Court's ruling denying the Receiver's motions for summary judgment in the *Allen* case, Receiver and her counsel have now reassessed the value of continuing the receivership's litigation in all of the remaining lawsuits filed by Receiver: *Windham v. Allen, Windham v. Norville,* No. 2:18-cv-00057-HCN-CMR*, and Windham v. Snyder*, 2:18-cv-00063-RJS-DAO. In the Receiver's and her counsel's best judgment, the probability of recovering significant judgments on the remaining claims in amounts that exceed

1554442

necessary litigation fees and costs is not certain enough to warrant the receivership estate continuing to incur the litigation fees and costs and continuing to extend the duration of the receivership.

Receiver respectfully requests that the Court grant Receiver leave to voluntarily dismiss the remaining claims Receiver asserted in each of the three remaining cases, *Windham v. Allen, et al*, *Windham v. Norville, et al.*, and *Windham v. Snyder, et al.*, because the probability of recovering sufficient judgments on the remaining claims in excess of necessary litigation fees and costs is not certain enough to warrant continuing to incur the litigation fees and costs and continuing to extend the duration of the receivership. Receiver files this Motion under seal pursuant to the Court's order granting the Receiver's request to file motions for approval of settlement agreements under seal. (*See* Dkt. No. 230.)

## BACKGROUND

At the time the Court appointed Receiver in January 2017 to marshal the assets of the Marquis Properties, there were few assets of value remaining. As described in Receiver's ten prior status reports filed with this Court, the Ponzi scheme operator Chad Deucher ("Deucher") had emptied the bank accounts and wasted the funds obtained from investors. Certain documents that suggested assets might still exist at the time the Court appointed Receiver—including private jets, residential properties, and certain bank accounts—were discovered through the Receiver's further investigation to have been already wasted or to have been mere phantoms created by Mr. Deucher's continuing forgeries and relentless fraudulent activities.

Since the end of 2017, Receiver's work to marshal assets of Marquis Properties has focused on clawing back fraudulent transfers through settlements or by litigation. Receiver filed the *Allen* lawsuit to pursue claims for return of significant commission payments that Deucher

1554442

had used to perpetuate the Ponzi scheme. Receiver filed the *Norville* lawsuit to pursue claims for return of payments made for luxury goods and private jet services that benefited Deucher and his family and other entities operated by Deucher, rather than Marquis Properties. Receiver filed the *Snyder* lawsuit to claw back payments made to agents in Florida, Jeff Snyder and Judi Snyder, who Receiver alleges worked together with Deucher's co-conspirator, Richard Clatfelter, to solicit victim investors located outside Utah to invest in the Ponzi scheme that Deucher operated through Marquis Properties.

Receiver has previously settled multiple claims of the receivership estate, including claims against some of the Defendants to the *Allen* and *Norville* cases. The remaining defendants are unlikely to settle with Receiver prior to trial on the facts of the *Allen* and *Norville* cases. The status of the remaining litigation in the *Allen*, *Norville*, and *Snyder* cases is as follows: In the *Allen* case, the court denied Receiver's motions for summary judgment as described above and found there are issues of fact for trial. (*Allen* at Dkt. No. 263). A status conference is scheduled for February 16, 2021. (*Id.* at Dkt. No. 265). In the *Norville* case, the court provided an oral ruling on the parties' competing motions for summary judgment on August 5, 2020. (*Norville* at Dkt. No. 90). The court denied the Receiver's motions for summary judgment and denied in part and granted in part the Defendants' motions for summary judgment. It ruled that the Ponzi presumption applies but that issues of fact exist for trial whether Defendants provided private jet services to Deucher's entity Marquis Air, LLC in good faith and whether the Defendants' provision of services to Marquis Air, LLC and the Deuchers provided reasonably equivalent value for fraudulent transfers from Marquis Properties. (*See id.*). Defendants subsequently refused to waive their request for an in-person civil jury trial. (*Id.* at Dkt. No. 91). The *Norville* case is awaiting a 5-day civil jury trial setting. (*Id.*) The *Snyder* case

is stayed in its beginning stages. On August 28, 2018, the *Snyder* claims against Jeff Snyder and Judi Snyder were stayed by the court for the duration of parallel criminal proceedings against Jeff Snyder and Judi Snyder arising from the same transactions. (*Snyder* at Dkt. No. 39).

Despite the Receiver's continual efforts to balance litigation costs against the likelihood of recovery on the various claims asserted in litigation, the administrative and legal costs of managing the receivership estate and pursuing litigation have significantly exceeded the sums recovered by Receiver to date. Many of the settlements obtained by Receiver were substantially reduced from the amounts Receiver demanded because of the inability of settling transferees to repay the fraudulent transfers they had received. For example, the Receiver's $300,000 settlement with Garrett Deucher (Chad Deucher's brother) is subject to bankruptcy proceedings. As of the date of Receiver's Tenth Interim Fee Application submitted in this main receivership case on December 1, 2020, the unpaid Receiver's fees accumulated by Receiver's law firm through March 2020[1] equaled $98,750.00, unpaid fees of Receiver's attorneys equaled another $217,887.30, and unpaid expenses equaled $10,657.08.[2] (Dkt. 339). The bank account of the receivership estate contained approximately $20,000. (*Id.*)

## ARGUMENT

On November 17, 2020, the Receiver received the Order of the Court in the *Allen* case denying Receiver's Motions for Summary Judgment filed in that case. The Court disagreed with the Receiver's theory of the case under *Warfield v. Byron,* 436 F.3d 551, 554-55 (5th Cir. 2006) that fraudulent transfers of commissions must be returned as a matter of law. The Receiver has now updated her cost-benefit analysis of the remaining litigation taking into account the Court's

---

[1] As described in the Tenth Fee Application, Receiver did not make an interim request for fees incurred by the Receiver and her counsel after March 2020 given the lack of funds to pay the accumulating fees incurred.
[2] These amounts are the sum of unpaid fees that the Court has ordered to be paid from the receivership account when available plus amounts that are the subject of the court's "holdback" pending further litigations.

1554442

ruling in the *Allen* case. In light of the current status of the litigation, the Receiver's best assessment is that that the probability of the Receiver recovering judgments from the combined *Allen*, *Norville,* and *Snyder* cases in an amount substantially exceeding the attorneys fees and costs of the required litigation is not certain enough to warrant continuing to incur the necessary litigation fees and costs.

      The Court's ruling in *Allen* means that litigating the claims in the *Allen* case would be much more costly than the Receiver had previously estimated. The likelihood of success is also significantly lower than Receiver had estimated because Receiver will be required to prevail on the factual proof going to the defendants' knowledge and lack of "good faith". Receiver did not previously prepare to meet this proof. Due to cost restraints, she prepared evidence based on her theory of the case that the reasoning of *Warfield* applied. As a practical matter, the Court's ruling in the *Allen* case also means that there will be no interim judgments or settlements from *Allen* defendants available to fund the attorneys' fees and expenses of the litigation needed to take either the *Allen* case or the *Norville* case to trial on the remaining factual disputes. If the Receiver pursues one or more of the cases to trial, Receiver and her attorneys would be required to continue to provide services without payment in addition to the unpaid $98,750.00 in Receiver's fees that had accrued as of the Tenth Status report in December 2020, and the unpaid $217,887.30 in attorneys fees that had accrued as of the Tenth Status report in December 2020. Finally, even if Receiver and her attorneys continue to represent the Receivership without collecting fees until successful in the litigation, it is unlikely that any recovery to the receivership estate, after payment of attorneys' fees and costs to take these matters to trial, would be substantial enough to provide a meaningful return to injured investors and creditors.

1554442

Under these circumstances, Receiver respectfully requests that the Court grant the Receiver leave to dismiss the remaining *Allen*, *Norville*, and *Snyder* cases. Balancing the costs of continuing litigation of the receivership estate's claims against the likelihood of success and subsequent recovery of judgments from the *Norville*, *Allen,* and *Snyder* cases, Receiver believes that the receivership estate will be best served by abandoning each of the remaining claims in these three lawsuits to avoid the continued accrual of attorney fees and costs necessary to take these claims to trial.

## CONCLUSION

Based on the foregoing, the Receiver hereby moves the Court to enter an order granting her leave to voluntarily dismiss all claims in *Windham v. Norville, Windham v. Allen*, and *Windham v. Snyder* cases without publicly disclosing the Receiver's rationale concerning her decision to abandon those claims. A proposed Order is submitted herewith.

DATED this 3rd day of February, 2021.

                RAY QUINNEY & NEBEKER P.C.

                */s/ Aaron C. Hinton*
                Kristine M. Larsen
                Jascha K. Clark
                Aaron Hinton

                *Attorneys for Receiver, Maria E. Windham*

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of February, 2021, I caused a true and correct copy of the foregoing **RECEIVER'S *EX PARTE* MOTION TO APPROVE DISPOSITION OF CLAIMS** to be filed with the Clerk of Court using the Court's ECF System.  In addition, a true and correct copy of same was served as indicated below:

Cheryl M. Mori
SECURITIES AND EXCHANGE COMMISSION
351 S WEST TEMPLE STE 6.100
SALT LAKE CITY, UT 84101
Email: moric@sec.gov

Casey R. Fronk
SECURITIES AND EXCHANGE COMMISSION
351 S WEST TEMPLE STE 6.100
SALT LAKE CITY, UT 84101
Email: FronkC@sec.gov

Matthew R. Howell
FILLMORE SPENCER LLC
3301 N UNIVERSITY AVE
PROVO, UT 84604
Email: mhowell@fslaw.com

Justin D. Heideman
HEIDEMAN & ASSOCIATES
2696 N UNIVERSITY AVE STE 180
PROVO, UT 84604
Email: jheideman@heidlaw.com

1554442

    Armand J. Howell
    HALLIDAY WATKINS & MANN PC
    376 E 400 S STE 300
    SALT LAKE CITY, UT 84111
    Email: armand@hwmlawfirm.com

    Robert K. Hunt
    robert_hunt@fd.org

And via email on the following non-CM/ECF participant:

    Richard Clatfelter
    rick@rickclatfelter.com
    Pro Se


                                                /s/  Ashley Rollins